BLANCHE B. TULLOCH, Appellant, *v.* FREDERICK W. HASELO, Respondent.

Third Department, November 11, 1926.

**Physicians and surgeons — action against dentist for injuries caused by tooth lodging in plaintiff's lung — action was commenced after two-year Statute of Limitations had run (Civ. Prac. Act, § 50) — complaint alleges concealment of fact that tooth which defendant pulled had gone down plaintiff's throat but does not allege that defendant knew tooth had lodged in plaintiff's lung — plaintiff contends that action is based on fraudulent concealment of fact that tooth had lodged in plaintiff's lung — malpractice was proximate cause of injury and concealment only aggravated damage — action cannot be maintained as one in fraud — defendant not equitably estopped from interposing defense of Statute of Limitations.**

More than two years prior to the commencement of this action the defendant, a dentist, while operating on plaintiff who at the time was under the influence of ether, extracted a tooth which he negligently allowed to pass down plaintiff's throat. Plaintiff seeks to recover on the theory of fraud and thereby avoid the two-year Statute of Limitations (Civ. Prac. Act, § 50) by alleging that she did not become aware of the fact that the tooth had lodged in her lung until shortly before this action was commenced and that the defendant fraudulently and willfully concealed from her the fact that the tooth had passed down her throat at the time of the operation, and negligently failed and omitted to advise plaintiff of that fact. The complaint does not allege that the defendant knew that the tooth had entered plaintiff's lung and that with such knowledge he fraudulently concealed the fact from the plaintiff or misrepresented the fact of the place of lodgment of the tooth.

The action is based on the malpractice of the defendant which was the proximate cause of the injury, and the allegations of fraudulent concealment merely go to the enhancement of the damages and, therefore, the action is barred by the two-year Statute of Limitations which was pleaded by defendant.

The defendant is not equitably estopped from interposing the Statute of Limitations, especially since no intentional injury is shown or to be inferred from the facts alleged amounting to fraud and deceit.

APPEAL by the plaintiff, Blanche B. Tulloch, from an order of the Supreme Court, made at the Schenectady Special Term and entered in the office of the clerk of the county of Schenectady on the 23d day of February, 1926, granting defendant's motion for judgment on the pleadings and to dismiss the complaint, and also from a judgment entered in said clerk's office on the same day in pursuance of said order.

*Leary & Fullerton* [*Walter A. Fullerton* and *A. W. Pitkin* of counsel], for the appellant.

*Ainsworth, Sullivan & Archibald* [*Charles B. Sullivan* and *Nelson R. Pirnie* of counsel], for the respondent.

HINMAN, J.   The complaint alleges that the defendant was a duly licensed dentist; that in or about the month of January, 1921, defendant undertook, as such dentist, to pull plaintiff's upper teeth; that ether was administered for the purpose; that during the operation and " while plaintiff was under ether, no substance of any kind was placed by the defendant in plaintiff's mouth to prevent any of the teeth from being swallowed by the plaintiff, or from going down her throat; " that " by reason of the careless and negligence and unskillfulness of the defendant in removing and extracting said teeth from plaintiff's mouth, one of the teeth which was extracted went down plaintiff's throat and lodged in her lung; " that " defendant negligently and carelessly allowed said tooth to go down plaintiff's throat, and lodge in her lung, and that after the extraction of said teeth, defendant left plaintiff, without advising her of the fact that a tooth had gone down her throat and was somewhere in her body; " that " at no time after defendant extracted said teeth from plaintiff, did he inform plaintiff but concealed from her the fact, that a tooth had gone down her throat and lodged in some organ of her body; " that " several weeks after said teeth were extracted, plaintiff was again treated by the defendant, and at no time did defendant inform plaintiff of the fact that one of her teeth had gone down her throat while she was under the influence of ether, and was lodged in the organs of her body; " that " in January, 1921, defendant negligently failed and omitted to advise plaintiff of the fact, and defendant fraudulently concealed from plaintiff, the fact that he had let a tooth fall down her throat and that a tooth had gone down her throat while she was under the influence of ether, and defendant negligently failed to remove the same, or to inform plaintiff of that fact so that she could have the same removed; " that " plaintiff did not know of the existence of said tooth in her body until said tooth was removed from her lung in January, 1924; " that " it was not until January, 1924, that plaintiff ascertained that said tooth had gone down her throat and lodged in an organ of her body; " and that " by reason of the defendant's negligence, carelessness, unskillfulness, and fraudulent acts, plaintiff sustained great bodily injury " to her damage in the sum of $25,000.   Judgment is demanded for damages in that sum.   The above are in substance all the facts alleged.   The defendant answered, admitting the extraction of the teeth in January, 1921, but denying the other allegations of the complaint and setting up as a separate defense the two-year Statute of Limitations applicable to an action to recover damages for malpractice. (Civ. Prac. Act, § 50.)   The action was commenced in April, 1925. The defendant moved for judgment on the pleadings and at the same

time moved for a bill of particulars as to that paragraph of the complaint which alleged that " several weeks after said teeth were extracted, plaintiff was again treated by the defendant," requiring the plaintiff to specify the time when and place where the plaintiff was again treated, as alleged. The plaintiff stated in a bill of particulars that she was unable to state the precise date but that it was her belief that it was about in April, 1921, that she was again treated by the defendant at his office in Schenectady, N. Y. The Special Term dismissed the complaint on the ground that it stated a cause of action for malpractice which accrued more than two years before the commencement of the action.

We may assume that the complaint stated a cause of action for damages for malpractice. (*Benson* v. *Dean*, 232 N. Y. 52.) It alleges malpractice in that defendant, through his carelessness, permitted the tooth to go down her throat and that he concealed that fact from her, to her damage. It is not directly alleged that the defendant knew of the fact that the tooth had gone down plaintiff's throat, but this is to be inferred from the allegation of concealment. So far as the facts alleged are concerned, we may infer that all that subsequently transpired, after the negligent loss of the tooth down her throat, including the concealment, was merely the development of the damages resulting from that original wrong. There is nothing alleged from which we may infer that the defendant knew or ought to have known that the tooth had lodged in the lung. The complaint seems to carefully avoid alleging that he knew it was in the lung. In the absence of symptoms, brought to his attention, indicating a possible lodgment in the lung, he might have assumed that the tooth had entered the stomach and had safely passed out of the body through the intestines. The allegation of fraudulent concealment in the complaint refers simply to the concealment of the fact that he " let a tooth fall down her throat and that a tooth had gone down her throat." There is nothing alleged from which we may infer any intentional fraudulent misrepresentation of fact as to the presence of a tooth in the lung resulting from letting it fall down her throat. At most there was a breach of professional duty in the operation alleged to have been negligently performed and in the concealment of his negligent act. That was malpractice and the statute had run against such a cause of action.

The appellant contends, however, that the cause of action alleged is a cause of action for fraud and that the Statute of Limitations for such an action does not begin to run until the discovery of the fraud, which discovery in the case at bar was made in January, 1924. " The following actions must be commenced within six years

after the cause of action has accrued: * * * 5. An action to procure a judgment on the ground of fraud. The cause of action in such a case is not deemed to have accrued until the discovery by the plaintiff, or the person under whom he claims, of the facts constituting the fraud." (Civ. Prac. Act, § 48.) Usually cases of fraud and deceit involve injury to property rather than personal injuries. However, a cause of action for deceit may arise where as the result of false representation the damage results in personal injuries. If one person delivers to another a gun, representing it to be safe for use when in truth and in fact it is unsafe and is known at the time of the representation to be unsafe, and as a result the person to whom the gun is delivered uses it and is injured by reason of the defects in the gun, a cause of action for common-law deceit would arise in his favor. (*Langridge* v. *Levy*, 2 M. & W. 519.) If the manufacturer of a land roller, who uses in its construction a tongue made of wood unfit for the purpose, in that it was cross-grained, had a knot in it and also a knothole, plugs up the hole, and then by means of putty and paint conceals the defects so that they cannot be seen by inspection, he is liable in a common-law action for damages for fraud and deceit, for injuries sustained in consequence of such defects by a person who purchased the machine from a dealer. (*Kuelling* v. *Lean Mfg. Co.*, 183 N. Y. 78.) Authorities cited in that case multiply these examples of fraud and deceit as the gravamen of an action for damages for personal injuries. In these cases, however, all the essential elements of a common-law action for fraud and deceit were present, namely, " representation, falsity, scienter, deception and injury." (*Kuelling* v. *Lean Mfg. Co.*, *supra*, 85.) Moreover, in such cases " it must appear in an appreciable sense that the damage flowed from the fraud as the proximate and not the remote cause." (Id. *supra*, 86.) In the case of the defective tongue in the land roller, the wrong did not have its inception in carelessness but in the willful and deliberate concealment, and it was the willful and deliberate concealment which set in motion the chain of events finally terminating in the injury to the purchaser. In the case at bar the direct cause of plaintiff's damage was the carelessness and negligence in permitting the tooth to fall down plaintiff's throat. The subsequent concealment of such negligent act, may have aggravated the original wrong but simply as a circumstance in the chain of events leading from the original carelessness, presumably adding to the damages which resulted therefrom. The concealment alleged is not the wrong which must be made the gravamen of an " action to procure a judgment on the ground of fraud " within Civil Practice Act, section 48. (*Glover* v. *National*

*Bank of Commerce*, 156 App. Div. 247, 256.) It was malpractice that was the proximate cause of the injury which the plaintiff sustained. The relation of dentist and patient made it malpractice. The failure to speak and to disclose his negligent act was a breach of duty which constituted malpractice. (*Benson* v. *Dean*, 232 N. Y. 52.)

The appellant seeks further, however, to invoke the doctrine of equitable estoppel to prevent respondent from raising the Statute of Limitations and cites the cases of *Lightfoot* v. *Davis* (198 N. Y. 261) and *Clarke* v. *Gilmore* (149 App. Div. 445) as authority for the proposition that an action may be brought in equity where one has obtained such an advantage by fraud which equity will not allow him to hold. Both of those actions were brought in equity for an accounting and the fraud alleged was the gravamen of the cause of action and afforded good ground for the interposition of equity. Moreover, no case has been cited to us in which equity has taken jurisdiction in an action for personal injuries and there are no facts alleged which should invite the court to stretch its chancery powers to a case which is clearly malpractice and not fraud. It would be a dangerous precedent to establish to hold that equity should interpose against the Statute of Limitations in a malpractice case, especially where no intentional injury is shown or to be inferred, amounting to fraud and deceit, and for such a case the outlawry statute has made provision.

The order and judgment should be affirmed, with costs.

Order and judgment unanimously affirmed, with costs.