William H. ZIMMERER and Russell Manufacturing Company, Plaintiffs,

v.

GENERAL ELECTRIC COMPANY and Westinghouse Electric Corporation, Defendants.

Civ. A. No. 4806.

United States District Court, D. Connecticut.

Dec. 8, 1954.

Francis J. Donahue, West Hartford, Conn., O'Keefe, Johnson & O'Keefe, New Haven, Conn., for plaintiffs.

Wiggin & Dana, New Haven, Conn., Wallace W. Brown, Hartford, Conn., for defendants.

SMITH, Chief Judge.

The plaintiff, William H. Zimmerer, brought this action on February 15, 1954, to recover in tort for injuries incurred through contracting berylliosis by inhaling beryllium dust from broken fluorescent light tubes which were manufactured by the defendants and sold to the plaintiff's employer, Russell Manufacturing Company. Russell is a joint plaintiff, having paid Zimmerer workmen's compensation.

Zimmerer was first employed at Russell's plant on March 8, 1943 and last worked on March 20, 1953. Throughout this period, except for time in the armed services, he was an electrician. One of his duties was discarding worn-out fluorescent light tubes and the procedure followed until January 15, 1948 was to break them into a barrel. After that date such tubes were discarded by placing them unbroken into a container. The last occasion on which there could have been exposure to beryllium dust was January 15, 1948.

The plaintiff first reported the symptoms of the disease to his doctor and to his employer on April 16, 1950. Diagnosis of his malady as berylliosis did not occur until March, 1953.

The defendants have made concessions of fact for purposes of this motion which include: they knew the Russell Manufacturing Company was using their tubes at least up to January 15, 1948; they knew berylliosis claims were arising from the use of their products for the first time in 1950; and they gave no warning to the public of the danger involved. There is no material issue of fact before the court, and Rule 56, Fed. Rules Civ.Proc. 28 U.S.C.A. on Summary Judgment is met in that regard.

## Plaintiff's Claims

In the plaintiff's complaint there were three counts against each defendant which may be roughly characterized as sounding in absolute liability, negligence and fraud. All three were tied to the defendants' putting the light tubes on the market without adequate warning of the danger from beryllium dust and the plaintiff's contracting the disease because of exposure to the dust.

The plaintiff is faced with the problem of the Connecticut statutes of limitation, General Statutes 1949 Revision, Sec. 8324 (one year for personal injuries caused by negligence, etc.) and General Statutes 1949 Revision, Sec. 8316 (three years for other torts).

The interpretation of these statutes appears to erect an insurmountable barrier to his claim here.

In Giambozi v. Peters, 1940, 127 Conn. 380, at page 384, 16 A.2d 833, at page 835 an action for malpractice, the court said:

"The general rule, however, appears to be that where the injury was inflicted at the time of the operation and not occasioned by subsequent treatment or neglect, and there has been no fraudulent concealment by the surgeon, the period of limitations for actions of this kind commences from the date of the wrongful act or omission, although its results may not have then developed."

Kennedy v. Johns-Manville Sales Corp., 1948, 135 Conn. 176, 62 A.2d 771, involved faulty insulating work done in 1935 but not discovered until 1945. The court had this to say:

"In the case before us the legal wrong was done when the alleged faulty work was performed and the damages later discovered merely enhanced that wrong. * * * It is

well established that ignorance of the fact that damage has been done does not prevent the running of the statute, except where there is something tantamount to a fraudulent concealment of a cause of action. * * * In the present case the faulty work which is alleged to have broken the contract resulted in legal damage as soon as it was done. The injury was inflicted at the time the work was done and not by subsequent neglect on the part of the defendant, 135 Conn. at pages 178, 179, 180, 62 A. 2d at page 772." And see Dincher v. Marlin Firearms Co., 2 Cir., 198 F.2d 821.

The plaintiff here was unaware that he was sick until 1950 and the disease was not diagnosed as berylliosis until 1953. Under the Kennedy and Giambozi cases this ignorance and late discovery of his injury would not toll the running of the period.

Recognizing this the plaintiff has shifted his position and now seems to rely, in his memorandum in opposition to the motion for summary judgment, on the interwoven claims of aggravation to the injury by the defendants' intentional misconduct in failing to warn those exposed to the dust of the disease's symptoms and a fraudulent concealment of the plaintiffs' cause of action.

#### "Aggravation"

The plaintiff spins a novel theory in regard to the "aggravation" claim. What he attempts to do is to set up a separate claim on which relief could be granted by the following argument: The manufacturer of a dangerous article has a duty to warn the user of the danger; the defendant-manufacturers knew or should have known of the harmful effects of the beryllium dust; they knew in 1950 that claims were being made of contracting berylliosis because of the use of their products; they gave no warning to known users who might have been exposed or to the public of the danger or the symptoms of the disease so that treatment could be obtained to arrest it;

and this failure to warn was an intentional tort apart from that which caused the injury.

The plaintiff has found no case supporting his theory of a duty to warn after the injury has been inflicted so that the victim can mitigate his suffering. He rests his theory on the foreseeability of harm if such warning is not given.

Apparently the law has not yet imposed such a duty. Tulloch v. Haselo, 218 App.Div. 313, 218 N.Y.S. 139, was a malpractice case involving a dentist who allowed an extracted tooth to fall down a patient's throat and failed to inform the patient of it. The court said, 218 App.Div. at pages 315, 316, 218 N.Y.S. at page 141:

"All that subsequently transpired, after the negligent loss of the tooth down her throat, including the concealment was merely the development of the damages resulting from that original wrong * * * the direct cause of plaintiff's damage was the carelessness and negligence in permitting the tooth to fall down plaintiff's throat. The subsequent concealment of such negligent act may have aggravated the original wrong, but simply as a circumstance in the chain of events leading from the original carelessness, presumably adding to the damages which result therefrom."

Another malpractice suit, Capucci v. Barone, 266 Mass. 578, at page 580, 165 N.E. 653, at page 655 held:

"There is nothing in the suggestion that * * * the consequential damages when discovered be considered as a fresh ground of action."

To paraphrase Giambozi v. Peters, the general rule appears to be that where the injury (contracting berylliosis) was inflicted at the time of the operation (exposure to beryllium dust) * * * the period of limitation for actions of this kind commences from the date of the wrongful act or omission al-

though its results may not then have developed.

### Fraudulent Concealment

The plaintiff attempts to construct out of the circumstances here a fraudulent concealment by the defendants of plaintiffs' cause of action. Such would toll the statutes of limitation under the exceptions noted in the cases and under Connecticut General Statutes 1949 Revision, Sec. 8335. This argument is again based on defendants' knowledge of the danger and their failure to warn users.

■ The elements which must be shown to establish such concealment are described in 54 C.J.S., Limitations of Actions, 224 and in a note in 43 Harvard Law Review 471. The plaintiff must be ignorant of the existence of a right of action; the defendant must intend that the plaintiff be kept in ignorance; and in the absence of a fiduciary relationship the defendant must be guilty of some affirmative act of concealment, it being universally agreed that silence is not enough.

■ The requirement is that "the defendants' conduct or representations were directed to the very point of obtaining the delay of which he afterwards seeks to take advantage by pleading the statute." Lippitt v. Ashley, 89 Conn. 451, 480, 94 A. 995, 1005.

Plaintiff has not cited specific acts or representations by defendants which meet the above requirements. Plaintiff's counsel admits at the bottom of page 7 of his memorandum in opposition:

> "Although we do not have an active concealment in this case, yet we do have facts that clearly indicate a duty to disclose and in not doing so, the defendants have in effect concealed the dangers from its powders."

In Brown v. Tennessee Consolidated Coal Co., 19 Tenn.App. 123, 83 S.W.2d 568, 577, the plaintiff had alleged fraudulent concealment of a condition conducive to silicosis and the court disposed of it in the following language:

> "This, as we interpret it, is merely an averment that defendant failed to warn the plaintiff of a danger which defendant knew or should have known, and it is not a sufficient averment of a fraudulent concealment."

It may be that the courts should create a new common law tort establishing a continuing duty in the manufacturer or employer to warn users or employes of harmful effects or need for treatment after exposure to toxic dusts when the manufacturer has reason to believe that such exposure has occurred, even if some years in the past.

■ Connecticut courts have not done so, however, and the somewhat analogous malpractice cases indicate that Connecticut as well as Massachusetts and New York would not do so. In the absence, therefore, of affirmative acts of concealment amounting to fraud on the plaintiff, he has not made out a claim on which relief could be granted.

Summary judgment may be entered for the defendants, dismissing the action.