ETHEL CALABRESE et al., Plaintiffs, *v.* ROBERT S. BICKLEY, Defendant.

Supreme Court, Special Term, New York County, March 28, 1955.

*Martin, Clearwater & Bell* for defendant.

*Joseph Kane* for plaintiffs.

STEUER, J. Defendant moves to dismiss each of the six causes of action on the ground that it is barred by the Statute of Limitations. The second, fourth and sixth causes of action are identical with the first, third and fifth in basis. The odd-numbered causes are in favor of the plaintiff wife and the even-numbered in favor of the husband for loss of services. The defendant is a physician who, it is alleged, operated on the wife to remove her gall bladder. It is alleged that he failed to remove it.

The first and second causes of action are admittedly for malpractice and as to them it is conceded that the statute has run and they should be dismissed.

As to the third and fourth causes of action, framed in contract, there is little dispute. It is conceded that in such a claim damages for personal injury are not recoverable. As presently pleaded, no other damages are sought, nor are the allegations sufficient to establish the contract alleged to have been breached. It is possible that a cause of action for the fee paid, if any, and possibly other items may be alleged in an amended pleading (*Conklin* v. *Draper,* 229 App. Div. 227, affd. 254 N. Y. 620).

The fifth and sixth causes of action are in fraud, the fraud consisting in the alleged fact that defendant informed plaintiffs that the gall bladder had been removed when in fact it had not. As the time limitation in an action for fraud begins to run from the date of the discovery of the fraud, if this is such an action, it would be timely.

Most of the difficulty in questions of this character arises from two mutually contradictory conceptions embraced in the labelling of actions. We do not have, except in certain specified instances, forms of action, each with its rigid requisite allegations. We allow recovery if the essentials of recovery are established, regardless of whether the facts conform to any classic category or not. Nevertheless, classifying the avenues of recovery into categories and giving them names is an essential process in any system based on precedent. Without some such method of classification, it would be impossible for the lawyer to advise, the attorney to plead, the Legislature to regulate, or the judge to decide. The consequence has been a series of designations, not specifically defined but perfectly well understood and forming part of the arcanum of the legal profession. Not infrequently, the basis of recovery is along the lines of one of the categories, while the object sought would put the case in another.

Actions for malpractice often furnish examples of this situation. As malpractice covers every way in which a patient is injured through the dereliction of a doctor in his professional capacity, the approach, depending on the facts, can be through any of several familiar forms of action. But no matter what the approach, it remains an action for malpractice, not one for deceit, contract or anything else. A well-recognized ground for recovery is where a physician represents that he has the skill to perform a certain operation when in fact he does not. This form of action requires the same elements of proof that an action in fraud requires, yet it could not be successfully disputed that as

between the two it is an action for malpractice. Where, as here, the fraud consists in concealing the malpractice, it has been held that the gravamen is the malpractice and the concealment merely an item in chain of circumstances causing the damage (*Tulloch v. Haselo,* 218 App. Div. 313).

Motion granted with leave to plaintiffs to serve an amended complaint as to the subject matter of the third and fourth causes of action.