■ JOHN J. KELLY et al., Respondents, v. CHESTER YANNOTTI et al., Copartners Doing Business under the Name of Y. & F. LANDSCAPING COMPANY, Defendants, and Y. & F. LANDSCAPING CO., INC., Defendant and Third-Party Plaintiff-Respondent. ÆTNA CASUALTY & SURETY COMPANY, Third-Party Defendant-Appellant.— Upon remission of this appeal from the Court of Appeals for further proceeding in accordance with the opinion of said court, order of the Supreme Court entered February 26, 1957, denying appellant's motion to sever the main action from the third-party action and for separate trials thereof, reversed, without costs, and motion granted. (Cf. *Kelly* v. *Yannotti,* 4 N Y 2d 603.) Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.

■ JULIUS KLEINMAN,. Respondent, v. CYRUS LACK, Appellant.— In an action to recover damages for malpractice, the appeal is from an order denying a motion for summary judgment dismissing the complaint on the ground that the action is barred by the applicable Statute of Limitations. Order reversed, with $10 costs and disbursements, and motion granted. Alleged fraud in concealing the injury does not preclude pleading the Statute of Limitations as a defense. (*Ranalli* v. *Breed,* 251 App. Div. 750, affd. 277 N. Y. 630; *Conklin* v. *Draper,* 229 App. Div. 227, affd. 254 N. Y. 620; *Tullock* v. *Haselo,* 218 App. Div. 313.) It is conceded that the action was not commenced within the requisite two years from the date of its accrual. Apart from such concession, however, it is our opinion that the defense of the Statute of Limitations pleaded in the answer "is founded upon facts established prima facie by documentary evidence", as required by the provisions of the rule (Rules Civ. Prac., rule 113). Such documentary evidence consists of the summons and complaint submitted in support of the motion and which demonstrate, prima facie, that the action was not commenced within the two-year time limitation prescribed for an action to recover damages for malpractice (Civ. Prac. Act, § 50, subd. 1). Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ CHARLES E. PREISS et al., Appellants, v. HARRY J. BRANNIGAN, SR., Respondent. (Action No. 1.) HARRY J. BRANNIGAN, Respondent, v. CHARLES E. PREISS, Appellant. (Action No. 2.) — As a result of the collision of two motor vehicles in Brooklyn on November 17, 1957, appellants commenced in the Supreme Court, Kings County, on January 22, 1958, an action to recover damages for injuries to person and property and for loss of services and medical expenses, alleging substantial damages (Action No. 1). On May 17, 1958, respondent commenced in the Justice's Court, Town of Islip, County of Suffolk, an action to recover damages for injury to his vehicle (Action No. 2). The appeal is from an order denying appellants' motion to remove Action No. 2 to the Supreme Court, Kings County, and consolidate it with Action No. 1. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. Both actions arise out of the same accident and, except for the question of damages, involve precisely the same issues. Presumably the same witnesses will testify at both trials. All of the parties reside in Kings County; the accident occurred in Kings County, and all of the witnesses are in New York City. Action No. 1 was commenced some four months before Action No. 2. Under all the circumstances it was an improvident exercise of discretion to deny the motion for consolidation. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur. Settle order on notice.