**Dwight A. LONG**

v.

**ABBOTT MORTGAGE CORPORATION et al.**

**Civ. No. N–74–133.**

United States District Court, D. Connecticut.

Jan. 15, 1976.

Peter A. Kelly, Louis M. Winer, Barry C. Hawkins, Tyler, Cooper, Grant, Bowerman & Keefe, New Haven, Conn., for plaintiff.

Edward J. Androski, Ansonia, Conn., Francis J. Moran, Robert J. Gillooly, M. Mitchell Morse, Ira B. Grudberg, Jack D. Barnston, William F. Gallagher, New Haven, Conn., for defendants.

## RULING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

NEWMAN, District Judge.

Defendants each move for summary judgment pursuant to Fed.R.Civ.P. 56, raising the statute of limitations as their de-

fense. Plaintiff alleges in an amended complaint that defendants are liable under the Connecticut Securities Act, Conn.Gen. Stat. §§ 36–338, 36–346, and § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b–5, 17 C.F.R. § 240.10b–5, for numerous false and misleading statements in connection with plaintiff's purchases of fractional shares of beneficial interests in trust mortgages to be held by Abbott Mortgage Corporation. Defendants are alleged to have acted in concert to conduct Abbott Mortgage's business in such a way that the misrepresentations could not reasonably have been discovered until 1973.

Defendants contend that all but one of plaintiff's purchases occurred before June, 1972.[1] This action was not commenced until June 3, 1974. Conn.Gen.Stat. § 36–346(e), the applicable statute of limitations for both the federal, *Hitchcock v. deBruyne*, 377 F.Supp. 1403 (D.Conn.1974), and pendent state claims, provides that no person may sue on a Securities Act violation more than two years after the contract of sale. Plaintiff seeks to avoid the time bar of this statute by claiming its limitation period has been tolled.

Plaintiff relies upon the federal equitable doctrine, enunciated in *Bailey v. Glover*, 21 Wall. 342, 22 L.Ed. 636 (1874), that the running of a limitation period is tolled "where the party injured by the fraud remains in ignorance of it without any fault or want of diligence or care on his part . . . until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party." *Id.* at 348. In *Bailey v. Glover, supra,* the Court held that in an action to enforce a federal claim to recover for fraud, the Bankruptcy Act's statutory period of limitation did not commence until discovery of the fraud. The Court express-

ly rejected a requirement of an "affirmative act" of fraudulent concealment of the cause of action to toll the pertinent federal statute of limitations.

This equitable tolling doctrine has also been applied where the pertinent statute of limitations was a state statute. *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946). As the Court observed:

This equitable doctrine is read into every federal statute of limitation. . . . It would be too incongruous to confine a federal right within the bare terms of a State statute of limitation unrelieved by the settled federal equitable doctrine as to fraud, when even a federal statute in the same terms would be given the mitigating construction required by that doctrine.

*Id.* at 397, 66 S.Ct. at 585. The Second Circuit has ruled that the principle of *Bailey* and *Holmberg* applies in an action "at law" to enforce a federal right. *Moviecolor Limited v. Eastman Kodak Co.*, 288 F.2d 80 (2d Cir. 1961). These cases are significant authority for application of the federal doctrine to 10b–5 actions, and several courts of appeals' decisions have done just that. In most of these cases, however, the application of the doctrine was not critical to the determination. See, *e. g., Hudak v. Economic Research Analysts, Inc.*, 499 F.2d 996, 1000 (5th Cir. 1974), *cert. denied,* 419 U.S. 1122, 95 S.Ct. 805, 42 L.Ed.2d 821 (1975); *Sargent v. Genesco, Inc.*, 492 F.2d 750 (5th Cir. 1974); *Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123, 128 (7th Cir. 1972). In others, the court resorted to the federal doctrine when applying a state statute of limitations whose "bare terms" made no provision for tolling in the event of fraud. See, *e. g., Vanderboom v. Sexton*, 422 F.2d 1233, 1240 (8th Cir.), *cert. denied,* 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970); *Saylor v. Lindsley*, 391 F.2d 965, 970 (2d Cir.

---

1. Plaintiff argues that the Pusey Mortgage Trust transaction was not completed until after June 6, 1972, when he received documentation of the transaction and a copy of the trust agreement. The question of when the plaintiff contracted to purchase a share in the Pusey Mortgage Trust need not be reached because plaintiff has raised other issues of material fact that must be resolved before the applicable limitation period may present a bar to his claim. It is uncontested that seven of plaintiff's nine transactions with Abbott Mortgage Corporation took place before June 3, 1972.

1968). See also *Moviecolor Limited v. Eastman Kodak Co., supra,* 288 F.2d at 82.

This case arises in a slightly different setting, however, since Connecticut state law contains its own principles for tolling statutes of limitations. See, *e. g., Phalen v. Clark,* 19 Conn. 421 (1849). Conn.Gen.Stat. § 52–595 provides:

> If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence.

Unlike the federal tolling doctrine, this Connecticut law has been construed to require affirmative acts of concealment (or a fiduciary relationship between the parties) for tolling to occur. See, *e. g. Zimmerer v. General Elec. Co.,* 126 F.Supp. 690 (D.Conn. 1955); *Lippitt v. Ashley,* 89 Conn. 451, 94 A. 995 (1915); *Bank of Hartford County v. Waterman,* 26 Conn. 324 (1897).

While there is no reason not to apply § 52–595 to plaintiff's state law claims,[2] there is a question whether the state's tolling provisions or the more lenient federal tolling principles should apply to the 10b–5 claims. A comparable situation was present in *Janigan v. Taylor,* 344 F.2d 781 (1st Cir. 1965). There the 10b–5 action was not filed within the two-year period of the applicable Massachusetts statute of limitations. Massachusetts also had a state tolling statute, applicable when a cause of action was fraudulently concealed, which required some affirmative act of concealment (or a duty to disclose imposed by a fiduciary relationship). The First Circuit did not apply the Massachusetts doctrine, turned to federal tolling doctrine, and held "that federal law must determine the date of accrual here even though the period of limitation thereafter is determined by state law." 344 F.2d at 784.

Two Second Circuit opinions have looked to state tolling provisions in applying state statutes of limitations to 10b–5 claims. *Klein v. Auchincloss, Parker & Redpath,* 436 F.2d 339 (2d Cir. 1971); *Berry Petroleum Co. v. Adams & Peck,* 518 F.2d 402 (2d Cir. 1975).

Neither of these cases is dispositive here, however, since the state tolling provisions postponed accrual of the cause of action until the point when plaintiff by due diligence should have discovered the fraud, and the federal doctrine would have achieved the same result. In this case, the state tolling provision is more exacting.

Whether, in order to determine the timeliness of the 10b–5 claim, this Court should refer to Conn.Gen.Stat. § 52–595 and its state law construction is itself a matter of federal law. *Cf. Reconstruction Finance Corp. v. Beaver County,* 328 U.S. 204, 66 S.Ct. 992, 90 L.Ed. 1172 (1946). The premise underlying the federal reference to forum law to determine the applicable limitation period is that courts lack the competence to designate an appropriate period *ex cathedra,* "selection of a period of years not being the kind of thing judges do." *Moviecolor Limited v. Eastman Kodak Co., supra,* 288 F.2d at 83. The reference is necessary only for selecting the length of the time period.

Federal policies underlying the implied right of action in 10b–5 suits seek to deter securities fraud, see *Superintendent of Insurance v. Bankers Life & Casualty Co.,* 404 U.S. 6, 12, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971); *Tomera v. Galt,* 511 F.2d 504 (7th Cir. 1975); stimulate confidence and a sense of fair dealing in the

---

**2.** The Connecticut statutory tolling provision has not been applied to a Securities Act violation in a reported opinion. At least for Securities Act violations that sound in fraud, *e. g.,* Conn.Gen.Stat. § 36–338, some tempering of the Securities Act's two-year statute of limitations seems appropriate. Section 36–346(h) provides that civil liability for Securities Act violations are "in addition to rights and remedies that may exist at law or in equity." The application of Connecticut's general civil law tolling statute will not create any cause of action not specified in the Act in contravention of § 36–346(h), but will aid persons injured by the deceptions of those operating in violation of the law in connection with securities transactions.

securities market, *SEC v. Texas Gulf Sulphur Co.*, 401 F.2d 833, 851 (2d Cir. 1968) (*en banc*), *cert. denied sub nom. Coates v. SEC*, 394 U.S. 976, 89 S.Ct. 1454, 22 L.Ed.2d 756, *cert. denied*, 404 U.S. 1005, 92 S.Ct. 561, 30 L.Ed.2d 558, *reh. denied*, 404 U.S. 1064, 92 S.Ct. 733, 734, 30 L.Ed.2d 753 (1972); and remedy what abuses do occur, *Chris-Craft Industries, Inc. v. Piper Aircraft Corp.*, 480 F.2d 341 (2d Cir. 1973). These strong federal interests will be better served by a uniform federal tolling policy that does not penalize plaintiffs for the time delays caused by the frauds they suffer, but instead tolls the running of the statute of limitations at least until the wrong should reasonably have been discovered.

Defendants' motions for summary judgment on count 1, the federal claim, are denied because the factual issue of when plaintiff should have discovered the allegedly fraudulent conduct remains to be determined.

Plaintiff's allegations of fiduciary relationship and a continuing course of fraudulent concealment are sufficient to overcome defendants' motions for summary judgment on count 2, the state claim, since they raise material issues of fact that must be resolved before the state statute of limitations may be applied. Accordingly, defendants' motions for summary judgment are denied.