## (April 15, 1977)

■ ELEANOR SIMCUSKI, Respondent, v ANTHONY J. SAELI, Appellant.—Order reversed, without costs, motion granted, and complaint dismissed. Memorandum: Plaintiff alleges in her complaint that on October 19, 1970 defendant Saeli, a physician, performed surgery on her for the removal of a node on her neck. She claims that in performing the operation Dr. Saeli negligently injured a nerve in her neck and upper body, and that he was aware of the serious permanent injury but told plaintiff that the difficulties would disappear in time and that in the meantime she should undergo physiotherapy. She was advised by other physicians in October of 1974 that she had suffered damage to certain nerves. She alleges that her injuries resulted from the negligence, medical malpractice and fraud of defendants and that because of the concealment of her condition, she was deprived of an opportunity to cure the condition. Her complaint was served on April 30, 1976. Defendant Saeli moved to dismiss the complaint, claiming that the action is for malpractice and is barred by the Statute of Limitations. Plaintiff contends, and Special Term agreed, that the complaint states a cause of action for fraud, because of the allegation that defendants fraudulently concealed from plaintiff the nature of her problem, and therefore that

the longer fraud Statute of Limitations applies. Special Term also granted plaintiff's motion for leave to amend the complaint to include specifically a cause of action of malpractice, noting that such an amendment would be subject to a motion to dismiss at the trial, based upon the Statute of Limitations, but that plaintiff had shown the elements of an equitable estoppel to overcome the limitations defense. The complaint does not state a cause of action for fraud (see CPLR 3016, subd [b]; *Reno v Bull,* 226 NY 546, 550; *Lanzi v Brooks,* 54 AD2d 1057) and at best, plaintiff should have been required to replead. Further than that, however, the wrong of which plaintiff complains is the negligent severance of a nerve and the failure by defendant to take prompt steps to correct the injury. It was governed by the then three-year Statute of Limitations and plaintiff may not extend the period of liability for malpractice by alleging a fraudulent concealment of the injury *(Tulloch v Haselo,* 218 App Div 313; and see *Ranalli v Breed,* 251 App Div 750, affd 277 NY 630; *Baum v Turel,* 206 F Supp 490). The dissent relies upon *Calabrese v Bickley* (208 Misc 407, mod 1 AD2d 874) but that case is distinguishable by its unusual facts. There the physician's fraud was the basis of the complaint. He had not been guilty of carelessness in the surgery. Rather the case was one in which the doctor had specifically promised to remove plaintiff's gall bladder, he operated on her without doing so and then misrepresented to plaintiff that he had. In the present case defendant's alleged concealment is directly connected to his negligence in severing the nerve in plaintiff's shoulder during surgery. It is not a separate and independent wrong. Neither may plaintiff assert the doctrine of equitable estoppel to defeat the Statute of Limitations in her negligence cause of action (see *Tulloch v Haselo, supra,* p 317) and in any event she lost the opportunity to do so because of her own laches. According to the allegations of her complaint, plaintiff was aware of the malpractice from at least October, 1974 and she did not commence this action until April, 1976. This delay of 18 months bars her assertion of the equitable doctrine of estoppel (see *Ortiz v City of New York,* 28 AD2d 1098). Finally, plaintiff contends that the running of the statute was tolled by the continuous treatment rule (see *Fonda v Paulsen,* 46 AD2d 540) but we may not consider this contention which is raised for the first time on appeal *(Rentways v O'Neill Milk & Cream Co.,* 308 NY 342; *Matter of Fahey v Whalen,* 54 AD2d 1097) and which is unsupported by any allegation in the pleading. All concur, except Dillon, J., who dissents and votes to affirm the order, in the following memorandum: I view the majority result as encouraging a medical doctor willfully to conceal acts of malpractice from a victimized patient. It is not unlikely, as it is alleged here, that such concealment will occasion either additional injury or prolonged suffering by virtue of the patient's reasonably excusable failure to procure proper treatment for the doctor-caused injury. In concluding that the Statute of Limitations may not be extended because this is a malpractice and not a fraud action, the majority rely principally upon *Tulloch v Haselo* (218 App Div 313). There, however, the court carefully pointed to the absence of any allegation in the complaint that defendant knew of the consequences of his malpractice since no symptoms resulting from the injury caused by his negligence were brought to his attention. In the case at bar, the symptoms were quickly announced and it may not be concluded here as it was in *Tulloch* that defendant's concealment was simply a circumstance in the chain of events leading from the original wrong to the ultimate injuries. The act of concealment here constituted a separate intentional wrong which irretrievably precluded any opportunity to correct the condition caused by the original wrong. Nor does the

result in *Calabrese v Bickley* (208 Misc 407, mod 1 AD2d 874) warrant the conclusion reached by the majority. Indeed, a unanimous court granted plaintiff leave to replead a cause of action sounding in fraud despite the fact that the malpractice Statute of Limitations had expired. In my view, this too is a cause of action for fraud and thus that period of limitation should be applied. While the complaint sounds in fraud, it is only technically deficient (see CPLR 3016, subd [b]), and the plaintiff should be granted leave to replead. (Appeal from order of Onondaga Supreme Court—motion to dismiss.) Present—Marsh, P. J., Simons, Dillon, Goldman and Witmer, JJ.