Anita KNAYSI and Ed Knaysi, Plaintiffs,

v.

A. H. ROBINS, INC. and Aetna Casualty and Surety Insurance Company, Defendants.

No. 78–0043.

United States District Court, N. D. of Florida, Gainesville Division.

Dec. 11, 1980.

Rodney D. McGalliard, Gainesville, Fla., for plaintiffs.

William M. Howell, Jacksonville, Fla., for defendants.

### SUMMARY FINAL JUDGMENT

HIGBY, District Judge.

This products liability matter came before the court on November 6, 1980, on motion of the Defendants for summary judgment, at which time counsel for the Plaintiffs conceded and, needless to say, Defendants' counsel concurred that: (1) the law applicable to the case is the law of the state of New York, and (2) all of the Plaintiffs' claims against the Defendants were barred by the applicable statute of limitations with the exception of Count V (fraud), with which, of course, Defendants' counsel did not agree. Thus, the issue is substantially narrowed to the inquiry of whether, under the law of the state of New York, Plaintiffs' claim for fraud is time–barred.

Upon suggestion by the court and with the concurrence of counsel, the parties were allowed to supplement their briefs in view of the Plaintiffs' candid concessions.

The pertinent dates in this case are undisputed:

1. March 15, 1972–Dalkon Shield inserted in the Plaintiff by Dr. Regula;
2. June 26, 1972–Plaintiff suffers spontaneous septic abortion (the injury);
3. December 8, 1976–Plaintiff reads news report concerning Dalkon Shield;
4. February 17, 1977–Dr. Regula writes letter informing Plaintiff that the IUD he had inserted was a Dalkon Shield;
5. June 26, 1978–Plaintiff files complaint;
6. August 3, 1978–Plaintiff files amended complaint.

The parties are in further agreement on the applicable New York statute of limitations.

As to all counts other than Count V of the amended complaint the Plaintiffs concede that the three–year period under New York C.P.L.R. § 214(5) is applicable. For actions based on fraud the limitation period is six years from the commission of the fraud *or* two years after actual or imputed discovery of the fraud, whichever is longer. New York C.P.L.R. § 203(f) and § 213(8).

With the commendable concessions announced by the Plaintiffs' counsel and after separation of all of the wheat from the chaff, appropriate resolution of this case depends upon answering the query of whether the New York courts, under the undisputed facts adduced in this record, would view the alleged fraudulent concealment as a *separate and independent* wrong.

The navigational aids are, at best, sparse. The Plaintiff, in attempting to swim, contends for an affirmative answer. The Defendants, in maintaining that she should sink, say "negative" to the critical question. Absent any better authority upon which to rely, I am persuaded by Judge Munson's opinion in *Holdridge v. Heyer–Schulte Corp. of Santa Barbara*, 440 F.Supp. 1088 (N.D. N.Y.1977). Certainly if I am to speculate on what the courts of New York

would say in this factual context, I should be permitted to rely upon the opinion of one of my federal brethren who, presumably, has more than a passing acquaintance with the jurisprudence of the state of New York.

*Holdridge, supra,* involved the implantation of a foreign object (a mammary prothesis) alleged to have been defectively manufactured and the defects to have been fraudulently concealed. Other than for the obvious anatomical differences, the contentions of the respective litigants are virtually identical.

In answering the query that I am now called upon to decide, the court in *Holdridge* was required to deal with the question posed in two regards. First, on the offense of fraudulent misrepresentation and, coincidentally, on the defensive question of whether the defendant was estopped to raise the statute of limitations as a defense. Not once, but twice the *Holdridge* court ruled contrary to the plaintiffs' position in this case.

Initially, at page 1094, the court states:
*Fraudulent Misrepresentation*
In their amended complaint, plaintiffs allege five causes of action—negligence, strict products liability, implied warranty, express warranty, and fraudulent misrepresentation. For purposes of determining when the causes of action accrued, the Court will consider the two tort causes of action (negligence and strict products liability) and then will consider the two warranty causes of action.
*The Court does not believe that the cause of action for fraudulent misrepresentation should be treated as a separate cause of action for statute of limitations purposes.* In determining what period of limitations applies, the essence or gravamen of the action controls, rather than the form in which it is pleaded. *State v. Cortell Corporation,* 38 N.Y.2d 83, 378 N.Y.S.2d 654, 341 N.E.2d 223 (1975); *Schmidt v. Merchants Despatch Transportation Co.,* 270 N.Y. 287, 200 N.E. 824 (1936). The essence or gravamen of the plaintiffs' complaint in the present case is that the defendant manufacturer placed a defective product on the market which caused injury to the plaintiffs. The New York Court of Appeals, in *Victorson v. Bock Laundry Machine Co.,* 37 N.Y.2d 395, 400, 373 N.Y.S.2d 39, 41, 335 N.E.2d 275, 277 (1975), noted that, depending on the factual context in which the claim arises, there are four possible theories which a plaintiff may use to state a cause of action against a manufacturer of a defective product—negligence, strict products liability, and contract liability, express and implied. Therefore, this Court believes that the period of limitations for the cause of action based on fraudulent misrepresentation should not be any longer than the period allowed under the four theories sanctioned in *Victorson,* and so the Court will not treat the fraudulent misrepresentation claim as a separate cause of action for purposes of this motion.

(Emphasis supplied.) (Footnotes omitted.)

Next, the court was required to deal with the plaintiffs' reply to the bar of the statute of limitations in their contention that estoppel precluded the raising of the defense in the first instance.

As recounted by Judge Munson at page 1104:
Plaintiffs claim that the defendant has fraudulently concealed information as to the defectiveness of its product and is, therefore, estopped to assert the statute of limitations. As a general rule, the failure of a potential defendant to advise a potential plaintiff of the existence of a cause of action does not 'amount to a concealment so as to estop defendant from pleading the statute of limitations'. *Clark v. New York Telephone Co.,* 52 A.D.2d 1030, 384 N.Y.S.2d 562, 563 (4th Dept. 1976), *aff'd* 41 N.Y.2d 1069, 396 N.Y.S.2d 177, 364 N.E.2d 841 (1977). However, the courts in New York have recognized that, in certain limited circumstances, a defendant's fraudulent concealment of his wrongdoing may serve to bar him from raising the statute of limitations as a defense. For example, in *General Stencils, Inc. v. Chiappa,* 18 N.Y.2d

125, 272 N.Y.S.2d 337, 219 N.E.2d 169 (1966), the court held that the plaintiff should be allowed to raise the question of equitable estoppel at trial to prevent the defendant, from relying upon the statute of limitations where the defendant, employed by the plaintiff as head bookkeeper, had embezzled funds over a nine–year period and had manipulated the books to conceal the thefts. *See also Erbe v. Lincoln Rochester Trust Co.*, 13 A.D.2d 211, 214 N.Y.S.2d 849 (4th Dept. 1961); *Dodds v. McColgan*, 229 App.Div. 273, 241 N.Y.S. 584 (1st Dept. 1930).

For the most part, the New York courts have been reluctant to expand the fraudulent concealment doctrine. They have generally refused to apply it to malpractice actions against professionals where it has been alleged that the professional fraudulently concealed his negligence. It has been said that the alleged concealment is directly connected to the malpractice and is, therefore, an integral part of the malpractice cause of action. *Simcuski v. Saeli*, [57] App.Div. [2d 711], 395 N.Y.S.2d 776 (4th Dept. 1977); *Kleinman v. Lack*, 6 A.D.2d 1046, 179 N.Y.S.2d 194 (2d Dept. 1958); *Tulloch v. Haselo*, 218 App.Div. 313, 218 N.Y.S. 139 (3d Dept. 1926).

This Court is of the opinion that the New York courts would not apply the fraudulent concealment doctrine to an action against a manufacturer of an allegedly defective product. The essence of the present action is that the defendant has manufactured a defective product which has injured the plaintiffs. *The alleged fraudulent concealment of the defects is not a separate and independent wrong, but is directly connected to the defendant's introduction of a defective product into the stream of commerce.*

Plaintiffs also contend that the defendant is estopped to assert the statute of limitations by breaching its duty to warn of defects which it may have subsequently discovered. While a manufacturer has a duty to warn of defects in its products that come to its attention, *Braniff Airways, Inc. v. Curtiss–Wright Corporation*, 411 F.2d 451 (2d Cir. 1969), this Court does not believe that the existence of such a duty will serve to toll the running of the statute of limitations on a cause of action for a wrong which has already been committed. The wrong in this case was committed when the allegedly defective prosthetic devices were implanted in Joanne Holdridge's body. The court in *Schwartz v. Heyden Newport Chemical Corporation, supra*, 12 N.Y.2d [212] at 216, 237 N.Y.S.2d [714] at 716, 188 N.E.2d [142] at 143 stated:

> the bar of the Statute of Limitations cannot be avoided through an allegation that defendant had a continuing duty to warn of the possible damaging consequences resulting from the act alleged to be negligent.

Hence, the Court holds that the defendant is not estopped to assert the statute of limitations as a defense.

(Emphasis supplied.)

Quite naturally, the court cannot help but sympathize with the Plaintiff's plight in this case. Nonetheless, however, it is without dispute that the wrong, if it were a wrong, was perpetrated on March 15, 1972, with the insertion of the device and blossomed to fruition on June 26, 1972, with Plaintiff's spontaneous septic abortion. Six years and two days later the Plaintiff first sought her relief through the judicial system. Consequently, no matter which statute of limitation is applied, the three–year period under New York C.P.L.R. § 214(5) or the six–year period under New York C.P.L.R. § 203(f) and § 213(8), the claim of the Plaintiff is too late.

Thus, the Clerk is directed to enter final judgment in favor of the Defendants at the cost of the Plaintiffs.