SIMON RANDALL, Appellee, v. M. M. MOEN COMPANY, Appellant.

NOVEMBER 20, 1928.

1320

*Miller, Kelly, Shuttleworth & McManus* and *Senneff, Bliss, Witwer & Senneff,* for appellant.

*J. E. Williams* and *Blythe, Markley, Rule & Clough,* for appellee.

EVANS, J.—The injury complained of occurred November 23, 1925. The plaintiff had been, and was at the time of the accident, a janitor in the employ of Jacob Decker & Sons at their packing plant in Mason City. The defendant was engaged in the performance of a contract entered into between it and Jacob Decker & Sons, whereby the defendant was constructing certain improvements upon the structure in use by the said Decker & Sons. The structure in question was a building, which comprised a dock or loading platform, extending for its full length along its east side. Along the east side of this dock was a railway track, from which cars were unloaded onto the loading platform. A part of the improvement to be constructed by the defendant was a new elevator. For this purpose a deep pit was dug on the east side of said dock, and adjoining the same. This was the condition of this part of the premises on Saturday night preceding the accident to plaintiff. On Sunday, defendant's workmen resumed their work on and about the pit, by cutting a hole in the floor of the dock at that point. They continued their work until about 3:00 A. M. Monday morning. The plaintiff was not on the premises on Sunday, and did not know that the defendant's workmen were engaged upon the job on that day. He returned to his duties at 5:00 o'clock Monday morning, and entered the building by his usual course at the south end of the dock, and passed northerly along the same in the dark, and fell into the hole made by defendant's workmen. He was severely injured.

The plaintiff charged negligence of the defendant in that it had failed to give any warning of the danger which it had created, and in that the place of danger was neither barricaded nor furnished with light.

The main grounds of reversal pressed upon us by the appellant are: (1) That contributory negligence conclusively appeared; (2) that no negligence on the part of the defendant was proved, in that it appeared conclusively that the place of danger was both barricaded and lighted when the defendant's workmen

left the same, about 3:00 A. M., and that the light was extinguished by one Gaffney, who was not an employee of the defendant's, but was the employee of Decker & Sons, as a night watchman; (3) that the court permitted the plaintiff to put in evidence certain provisions of the contract between Decker & Sons and the defendant, and by its instructions permitted the jury to award recovery for breach of contract, as well as for tort. Because we reach the conclusion that the judgment below must be reversed on the third ground here stated, we deem it proper to avoid a present discussion of the evidence in the record.

I. The contract entered into between the defendant and Decker & Sons contained the following Specifications 7 and 9:

"Specification 7. The contractor shall take all necessary precaution to protect the lives of his employees and the employees of others who may be on or about the premises, and also the public.

"Specification 9. The contractor shall employ and pay for a night watchman during the construction of the building."

In the course of the trial, the plaintiff amended his petition by pleading this contract, and particularly the above specifications; and pursuant to pleading, offered the same in evidence. The court admitted the evidence, over appropriate objections by defendant. The action was brought in tort. That issue was carried through the trial, and was submitted by the court to the jury. The court permitted the plaintiff also to show purported breach of contract, and submitted that issue to the jury by Instructions 6, 7, and 8. Instruction 8 is sufficiently illustrative of the whole, and was as follows:

"VIII. By said terms *of the contract* the defendant was not required to use all possible steps necessary to protect the lives of persons, or employees of said Jacob E. Decker & Sons, nor was its obligation limited to the use of only absolutely indispensable means and steps for such purpose, but was required to use caution and care, previous to the time of the injury in question, and all measures and means reasonably necessary or needful, expedient and appropriate, and requisite to provide against dangers to and protection of the lives of said employees who might be expected to be rightfully on or about the premises where such work was to be performed, in the discharge of their

1322

duties; and this might, if reasonably required for such purpose as aforesaid, include guard rails, barricades, lights, or other means to warn such persons of danger liable to produce death; but the defendants were not required to use more than ordinary care in the use of such precautions, means, and measures,—that is, such as a person of ordinary care and prudence would have used, under the conditions and circumstances then existing, and commensurate with the dangers to be apprehended. The defendant, *under the contract, was further absolutely required, unless dispensed with by Jacob E. Decker & Sons, as above stated, to employ and have upon or about said premises a competent night watchman, who would use such ordinary care, while upon duty, to look over the said premises where the construction work was being done, and to keep watch to discover and guard against dangers, and give warning thereof to persons coming near thereto, and to protect them from the same.* This duty would extend during the night, or between darkness after sundown and until the dawn of daylight in the morning, and defendant was not required to station a watchman, as aforesaid, for other hours, *so far as its contract obligation was concerned, nor if, by an understanding or agreement between defendant and said Jacob E. Decker & Sons, through their agent Mosier, the duty of said defendant to keep a watchman on duty had been dispensed with* or waived, and no longer required of them, nor if said Jacob E. Decker & Sons had assumed the duty of furnishing said night watchman themselves, who used ordinary care in the performance of said duties that would otherwise have been required of a night watchman of the defendant, so that one employed by him was unnecessary by reason thereof, the defendant would not be required to furnish said night watchman. It is admitted the defendant did not furnish said night watchman at the time of, or in the same night, prior to such accident; *and to relieve it from the duty to do so by reason of agreement, waiver, or acts of said Jacob E. Decker & Sons, the burden is upon the defendant to show, by the preponderance of the evidence, the facts necessary therefor, as above stated.* It is for you to determine, from all the conditions and circumstances and facts shown by the evidence, whether or not defendant has proved said facts, or whether, by reason thereof, if proved, or from the time the accident occurred, a night watchman of defendant was required, or

should have been on duty at such time, under the terms of the contract, and if not so required at the time of the accident, should have been required, and on duty at a prior time the same night, whether the failure to have such night watchman during the night (which would be negligent unless dispensed with, as above stated), alone, or in conjunction with other negligent act or acts of defendant, if any are proven, proximately caused the plaintiff's injury.''

It is often true in the transactions of men that the same act or event may constitute both a tort and a breach of contract. Contracts with common carriers furnish a good illustration of this statement. The contract of a common carrier undertakes that the carrier will perform all its common-law duties to its contracting patron. A breach of its common-law duties is a breach of its contract. A tort is a breach of a common-law duty. The injured party to a contract may elect whether to sue for the breach of his contract or to sue in tort. If he sues for breach of contract, he waives the tort; and if he sues in tort, he waives the breach of contract. He may ride either horse, but not both.

It is true that, even in a tort case, the contract of the defendant may be material for a limited purpose. When, as in this case, a defendant is engaged in work upon premises not his own, it may be material to know the nature of his employment and the scope of his authority, as bearing upon the question of his negligence. Whether he be a mere employee or an independent contractor, his field of negligence would be limited to his field of authority. Even in such a case, the contract may not be offered in evidence, for the purpose of proving a breach of its terms. Whether the written contract be material or not, it is not to be deemed the measure or definition of the common-law duty resting upon the defendant, the breach of which is charged against him as a tort. The nature and extent of that duty are defined by law. The defendant may not contract against the consequences of his negligence, nor may the plaintiff, in an action of tort, prevail by proof of breach of other than the common-law duty. In other words, the defendant's liability in tort is not contractual, though contractual relations may be an incident of the tort. The plaintiff relies upon *Grennell v. Cass County*, 193 Iowa 697, and upon *Schisel v. Marvill*, 198 Iowa 725. These cases furnish no support to the attitude of plaintiff in this case. In the *Grennell*

case a statutory bond was involved, and suit was brought upon it. The form of the bond was a part of the statute. The question involved 'was virtually a construction of the statute. We held that the contract constituted one defendant an independent contractor, and that he was not exempt from liability as a mere employee of the county. The action in that case was brought directly upon the bond, as for a breach thereof. We held that the intent of the statute which fixed the form of the bond was to give a right of action thereon against the independent contractor, to any person injured by the breach thereof. We held also that no act of the independent contractor's which was required by his contract could be deemed a breach of the bond on his part; and we held specifically that defects attributable to the plans and specifications of the contract were not chargeable to the independent contractor as a breach of his bond. Sufficient to say that that action was for a breach of the bond, and not in tort.

*Schisel v. Marvill,* 198 Iowa 725, was also an action on the statutory bond. The plaintiff pleaded, as a breach of the bond, certain actionable negligence against the contractor which would have sustained an action in tort. We held that the cause of action pleaded was not within the contemplation of the bond, and denied recovery. In that case we said:

"The liability of a tort-feasor is not contractual. A contract may disclose the nature and scope of a duty, and become admissible in evidence for that reason. But damages for the negligence or breach of duty toward third parties are not measured by the contract, nor are they commensurate with the contract or limited by its consideration."

It will be noted from an examination of Instruction 8, above quoted, that it was predicated upon the alleged breach of contract. The duty of the contractor to provide a night watchman was predicated therein upon the terms of the contract, and the burden of proof was cast upon the defendant to show that he had been released by Decker & Sons from that obligation. In an action of tort, the question at this point would be whether, under the circumstances, ordinary care required the maintenance of a night watchman, and whether the failure to provide one was the proximate cause of the injury. This was not the criterion laid down in Instruction 8. By this instruction the contractor was

bound to provide and pay for a night watchman, regardless of whether one was required by ordinary care, and he could be relieved from that obligation only by a preponderance of evidence that he had been excused therefrom by Decker & Sons. Now the common-law duty of the contractor was to exercise ordinary care at this point. Unless the plaintiff proved that ordinary care required the watchman, then recovery could not be predicated on that specification. The instruction was inconsistent with the rule of common-law duty. This illustrates the impracticability of suing in tort *and* for breach of contract. If the contractual duties and the common-law duties be identical, there can be no need of a double action, and the plaintiff may elect the form of his remedy. If they be not identical (and here they are not), then either one necessarily supplants the other. And again, the plaintiff may (and must) elect.

The plaintiff did bring his action in tort. In a legal sense, his remedy thereby was complete. The only legitimate function which the contract could serve in this case was to disclose the relations of the parties to the premises which had been rendered dangerous. These could have been shown by oral evidence as legitimately as by written evidence. The plaintiff, at least, had no need to resort to the writing. Cases may arise where it may be necessary for the defendant to rely upon his contract to show the limited scope of his authority and duty. That would be purely defensive. The rules that govern liability for negligence are among the simplest of the law. They dominate this case, and no question of breach of contract should have been injected into it. In submitting the twofold issue to the jury, inconsistency was unavoidable.

We have predicated our foregoing discussion upon the hypothesis that the plaintiff could have maintained an action for the breach of the contract pleaded, if he had so elected. This is a hypothesis only, and not a pronouncement on our part. The contract does not, in terms, purport to be made for the benefit of the employees of Decker & Sons. We are not holding that plaintiff could sue thereon. That question has not been argued in the briefs, and we make no pronouncement thereon.

For the reason indicated, the judgment below must be reversed, and a new trial awarded.—*Reversed and remanded.*

FAVILLE, ALBERT, KINDIG, and WAGNER, JJ., concur.