Peter M. Daly, J.
Motion by the defendants other than the defendant Health Insurance Plan of Greater New York for an order dismissing the complaint on the ground that the causes of action therein alleged are barred by the Statute of Limitations.
The complaint contains five causes of action, the first three on behalf of the plaintiff Andrew Golia (hereinafter called the plaintiff), the fourth on behalf of plaintiff’s infant son, and the fifth by the infant’s mother for loss of the infant’s services.
The first cause of action is brought to recover for the malpractice of the individual defendants and the negligence of the defendant Astoria Medical Group in the treatment of the plaintiff for tuberculosis. The treatment was rendered between May 15, 1953 and July 15, 1954. The action was not commenced until February 4, 1957. The Statute of Limitations for malpractice is two years (Civ. Prac. Act, § 50, subd, 1); for negligence, three years (Civ. Prac. Act, § 49, subd. 6).
Plaintiff contends that his action accrued not when the defendants committed their acts of negligence but when the damages resulted from such negligence. That date, plaintiff claims, was later than the last treatment, or, in any event, is at least a question of fact. The law is settled, however, that in respect to malpractice the action accrued and the Statute of Limitations begins to run from the date of the last treatment. (Ranalli v. Breed, 277 N. Y. 630; Conklin v. Draper, 254 N. Y. 620.) In this case the last treatment was rendered in July, 1954, and, so far as the action for malpractice against the individual defendants is concerned, the two-year statute expired before plaintiff commenced this action in February, 1957. The fact that the defendants retained plaintiff’s X rays on file until October, 1955, when they delivered them to the plaintiff, did not constitute treatment nor did it extend the time within which plaintiff might sue. .
. As to the defendant Astoria Medical Group, the first cause of action is not for malpractice but for negligence in permitting the plaintiff to be treated by unskilled and incompetent agents and employees. Since it was brought within three years, it is timely. (Roewekamp v. New York Post Graduate Med. School & Hosp., 254 App. Div. 265.) The motion to dismiss the first cause of action is granted as to the individual defendants only.
The second cause of action is allegedly for breach of defendants’ contract. Whether the allegations are sufficient to spell out an action in contract is not presently before the court, since the defendants did not move to dismiss for insufficiency. *921 The Statute of Limitations for contract actions is, of course, six years. The motion to dismiss the second cause of action is denied. (Robins v. Finestone, 308 N. Y. 543; Colvin v. Smith, 276 App. Div. 9.)
The third cause of action is brought on the theory of fraud in that the defendants falsely represented that they were skilled and competent to treat the plaintiff, that plaintiff relied on their representations, and as a result plaintiff’s illness was aggravated. The motion to dismiss the third cause of action is denied. (Calabrese v. Bickley, 208 Misc. 407, mod. 1 A D 2d 874.)
The fourth cause of action by plaintiff’s son alleges that the infant lived with his father as a member of the family unit and became infected with the same disease because of the negligence of the defendants. The sufficiency of this cause of action is not challenged by the instant motion, although defendants indicate in their brief that such a challenge may be forthcoming later. Infancy extends the time within which to sue. (Civ. Prac. Act, § 60.) The motion to dismiss the fourth cause of action is denied.
The fifth cause of action is brought by the infant’s mother for loss of the infant’s services. Plaintiff argues that since an action for loss of services is an action for a personal injury (General Construction Law, § 37-a; Psota v. Long Is. R. R. Co., 246 N. Y. 388) the applicable Statute of Limitations is subdivision 3 of section 48 of the Civil Practice Act, which provides a six-year limitation for an action ‘‘ to recover damages for a personal injury, except in a case where a different period is expressly prescribed in this article.”
Plaintiff contends that there is no express provision in the Civil Practice Act limiting an action for loss of services. The fallacy in this argument is that while the Civil Practice Act makes no express provision regulating actions for loss of services by that name, it does make express provision for various types of personal injury actions classified according to the cause which gave rise to them. Thus if the personal injury resulted from negligence, the statute is three years (Civ. Prac. Act, § 49, subd. 6); if it resulted from assault or malpractice, it is two years (Civ. Prac. Act, § 50, subd. 1); if from libel or slander, it is one year (Civ. Prac. Act, § 51, subd. 3).
Since section 37-a of the General Construction Law defines a personal injury as an injury to the person “ of the plaintiff, or of another ”, an action for loss of services thus included in *922 the definition of personal injury must, like the prime tort itself, be regulated by the provisions limiting actions by reason of the nature of the cause which gave rise to them. (Maxson v. Delaware, Lackawanna & Western R. R. Co., 112 N. Y. 559, 562.) As the Court of Appeals said in that case, it would be anomalous to limit the individual primarily injured by negligence to three years while permitting another, whose right of action is derivative, six years within which to sue (pp. 563-564).
In Pitrelli v. Cohen (257 App. Div. 845) the Appellate Division sustained the sufficiency of the defense of the Statute of Limitations in a parent’s action for loss of services. The record on appeal (p. 14) indicates that it was the two-year statute applicable in actions for malpractice which had been pleaded in that case.
In the instant case it is apparent that the infant’s action despite a liberal sprinkling of the phrase ‘ ‘ negligently and carelessly ”, is based on malpractice (complaint, par. forty-ninth ). Under such circumstances the parent’s cause of action for loss of services is governed by the two-year Statute of Limitations. The motion to dismiss the fifth cause of action is granted.
Submit order.