■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES FAZIO, SR., Appellant, against JOHN F. MCNEILL, as Superintendent of Matteawan State Hospital, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ. [See *ante*, p. 686.]

■ ELASTIC STOP NUT CORPORATION OF AMERICA, Appellant, v. GENERAL GAUGE & TOOL COMPANY, INC., Respondent.— In an action to recover a chattel, respondent counterclaimed for the reasonable value of services rendered to appellant together with moneys expended by respondent in developing a certain product. The appeal is from so much of an order of the County Court, Westchester County, as denied a motion for summary judgment dismissing the counterclaim. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ GABRIELA GAUTIERI, Respondent, v. NEW ROCHELLE HOSPITAL ASSOCIATION, Appellant.— The single cause of action states that respondent entered into a contract in connection with entering appellant's hospital for surgery, and agreed to pay appellant for the use of its facilities, together with necessary, competent and capable help and nurses; that appellant was under a duty to use care in the choice of said help and nurses but breached that duty, and that appellant's said breach of duty caused respondent's damages. The appeal is from an order denying a motion to dismiss the complaint on the ground that the cause of action did not accrue within the time limited by law for the commencement of an action thereon (Rules Civ. Prac., rule 107, subd. 5). Order reversed, with $10 costs and disbursements, and motion granted, without costs. It is immaterial whether the action be regarded as *ex contractu* or *ex delicto*. Since appellant's common-law duty and its implied contractual obligation were one and the same, " the suit, however labeled, is one in negligence, at least for time limitation purposes" (*Blessington* v. *McCrory Stores Corp.*, 305 N. Y. 140, 148; *Webber* v. *Herkimer & Mohawk St. R. R. Co.*, 109 N. Y. 311; *Hermes* v. *Westchester Racing Assn.*, 213 App. Div. 147; *Loehr* v. *East Side Omnibus Corp.*, 259 App. Div. 200, affd. 287 N. Y. 670). Accordingly, the three-year period of limitation (Civ. Prac. Act, § 49, subd. 6) applies. Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.

■ In the Matter of the Application of J. PETER GRACE, JR., et al., Respondents, for the Removal of MICHAEL P. GRACE, II, as Cocommitteeman of the Property of JANET M. GRACE, an Incompetent Person, Appellant. GRACE NATIONAL BANK OF NEW YORK et al., Respondents.— In a proceeding to remove appellant as cocommittee of the property of an incompetent, the appeal is from an order granting the application and denying a cross motion to dismiss the petition. Order unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ. [See *post*, p. 964.]

■ JOHN J. LAFF, Appellant, v. ELLEN LAFF, Respondent.— In an action by a husband to annul a marriage, in which the wife counterclaimed for a separation, the appeal is from a judgment dismissing the complaint and granting a separation on the counterclaim. Judgment unanimously affirmed, without costs. No opinion. Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ. [5 Misc 2d 554.] [See *post*, p. 959.]