■ ANDREW GOLIA et al., Respondents-Appellants, v. HEALTH INSUR-ANCE PLAN OF GREATER NEW YORK et al., Defendants, and ASTORIA MEDICAL GROUP et al., Appellants-Respondents.— In an action to recover damages for personal injuries alleged to have been caused by a partnership and three physicians who are stated to be members of the partnership, and for other relief, the partnership, Astoria Medical Group, and two of the physicians, Kent and Wayne, named as members thereof, moved to dismiss the five causes of action pleaded in the complaint on the ground that they did not accrue within the time limited by law for the commencement of such actions (Rules Civ. Prac., rule 107, subd. 5). The Special Term granted the motion to dismiss the first cause of action as to the individuals, granted the motion to dismiss the fifth cause of action, denied said motion to dismiss the first cause of action as to Astoria, and denied the motion as to the second, third and fourth causes of action. Kent, Wayne and Astoria appeal from so much of said order as denied the motion to dismiss the first cause of action as against Astoria, and from so much of said order as denied the motion to dismiss the second and third causes of action. The Golias appeal from so much of said order as granted the motion to dismiss the first cause of action as to Kent and Wayne, and from so much of said order as granted the motion to dismiss the fifth cause of action. Order modified by striking therefrom the first, second, third and fourth ordering paragraphs and by substituting therefor provisions that the motion be granted as to the first, second and third causes of action, and that said motion be denied as to the fourth and fifth causes of action. As so modified, order insofar as appealed from affirmed, without costs. The first cause of action, as pleaded against the partnership, states no different cause of action than that pleaded against the individuals who are members of the partnership. It is to recover damages for malpractice and is consequently

barred by the two-year Statute of Limitations (Civ. Prac. Act, § 50, subd. 1). Although the persons comprising the partnership may be sued in the partnership name (Civ. Prac. Act, § 222-a) the partnership is not a separate entity which may be held liable for negligence on the theory that it permitted Andrew Golia to be treated by unskilled or incompetent agents or employees. The acts complained of against the partnership were those of its individual members acting in their professional capacity in the treatment of said Andrew Golia (cf. *Caplan* v. *Caplan*, 268 N. Y. 445; *Stolpe* v. *Staten Is. Hosp.*, 282 App. Div. 896, affd. 3 N Y 2d 961). His cause of action accrued when he suffered the injury complained of which occurred at the latest when he was last treated by Kent and Wayne, notwithstanding that he did not discover that he had suffered injury or damage, if such was the case, until a considerable time had elapsed after such treatment (cf. *Schmidt* v. *Merchants Desp. Transp. Co.*, 270 N. Y. 287; *Conklin* v. *Draper*, 229 App. Div. 227, affd. 254 N. Y. 620; *Ranalli* v. *Breed*, 251 App. Div. 750, affd. 277 N. Y. 630; *Budoff* v. *Kessler*, 284 App. Div. 1049). As to the second and third causes of action, which purport to declare in contract and in fraud and deceit, respectively, it is our opinion that, however labeled, they are nevertheless, as is the first cause of action, to recover damages for malpractice, at least for time limitation purposes (cf. *Frankel* v. *Wolper*, 181 App. Div. 485, affd. 228 N. Y. 582; *Gautieri* v. *New Rochelle Hosp. Assn.*, 4 A D 2d 874; *Budoff* v. *Kessler*, 284 App. Div. 1049, supra; *Calabrese* v. *Bickley*, 208 Misc. 407; *Tulloch* v. *Haselo*, 218 App. Div. 313; *Ranalli* v. *Breed*, 251 App. Div. 750, supra). The fifth cause of action, however, was improperly dismissed. It is unnecessary to determine here the precise rule which must be applied with respect to the time of the accrual of a cause of action for loss of services of an infant son and expense incurred, as the result of malpractice, where the loss of services and other financial damage are delayed consequences of the wrong complained of (see 173 A. L. R. 758–760). Appellants-respondents concede that this cause of action accrued when the injury occurred to the infant, which was when he contracted tuberculosis. That date does not appear in the record, and it may not be determined that the right of action did not accrue within two years before suit was commenced. That question must be determined on trial, and appellants-respondents may plead the facts with respect to the defense in their answers, if so advised (Rules Civ. Prac., rule 108). Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur. [7 Misc 2d 919.]