BAATZ *v.* SMITH.

ROYSTON *v.* SAME.

MIDDLETON *v.* SAME.

1. LIMITATION OF ACTIONS — PERSONAL INJURIES — IMPLIED CONTRACTS — TORTS.
   The 3-year statute limiting the time within which an action for injuries to the person may be brought applies to all actions to recover for an injury to the person whether based upon implied contract or tort (CLS 1956, § 609.13, subd 2).

2. STATUTES—SUPREME COURT—LEGISLATURE.
   The function of the Supreme Court is to apply a statute's clear language, the matter of whether or not application of the statute works an injustice being a policy question for legislative determination and control.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 34 Am Jur, Limitation of Actions § 103.
   Action for "injury to person" in statutes of limitation as including actions *ex contractu.* 1 ALR 1313; 157 ALR 763.
[2] 50 Am Jur, Statutes § 371.
[3] 29 Am Jur, Innkeepers § 56.

3. INNKEEPERS—EXPLOSION—IMPLIED CONTRACTS.

    An action by a paying guest against an innkeeper for personal injuries due to explosion of dynamite by a former disgruntled guest who had been evicted cannot be predicated on contract liability under theory of implied warranty.

4. LIMITATION OF ACTIONS—PERSONAL INJURIES—EXPLOSIONS—INN-KEEPERS.

    Actions by plaintiffs, paying guests at defendants' hotel, for personal injuries sustained when dynamite was exploded by a former disgruntled, evicted guest were barred by statute of limitations, where commenced over 4 years following the time when the actions accrued (CLS 1956, § 609.13, subd 2).

SMITH, KAVANAGH, and SOURIS, JJ., dissenting.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted April 8, 1960. (Docket Nos. 39, 40, 41, Calendar Nos. 48,051, 48,052, 48,053.) Decided September 15, 1960.

Assumpsit in 3 actions by Perlee Baatz, Worley A. Royston, and Jennie Middleton, all against Charles A. Smith, Abraham J. Smith, and David B. Smith, doing business as Charles A. Smith & Co., for personal injuries sustained while guests in defendants' hotel. Declarations dismissed on motion. Plaintiffs appeal. Cases consolidated on appeal. Affirmed.

*I. Goodman Cohen,* for plaintiffs.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*E. D. Alexander,* of counsel), for defendants.

DETHMERS, C. J. Plaintiffs commenced suits against defendants, hotelkeepers, in assumpsit, on June 13, 1958, for personal injuries and resultant damages sustained on April 30, 1954, while they were paying guests in defendants' hotel. Plaintiffs alleged in their declarations that another, former guest of defendants' hotel, who was a confirmed alcoholic, had been evicted therefrom, became disgruntled, har-

bored a grudge on that account, had threatened injury to the hotel, and on one occasion had set fire to it, all as defendants knew or should have known; and that, on the night in question, he did cause dynamite to explode in the hotel, injuring plaintiffs.

The trial court granted defendants' motions to dismiss on the ground that the actions were barred by the 3-year statute of limitations, CLS 1956, § 609.13, subd 2 (Stat Ann 1957 Cum Supp § 27.605, subd 2), which reads as follows:

"2. Actions to recover damages for injuries to person or property and actions for trespass upon lands shall be brought within 3 years from the time said actions accrue, and not afterwards."

Plaintiffs insist that the quoted statutory limitation applies only to actions sounding in tort but not to those brought in assumpsit even though based on tortious acts which are claimed to constitute, as well, a breach of contract.

In *Coates* v. *Milner Hotel, Inc.*, 311 Mich 233, plaintiff brought suit, more than 3 years after her cause of action had accrued, against defendant hotel company therein, charging that, because of that defendant's negligence, while she was a paying guest in the hotel, her room had been entered by an intoxicated person who had violently assaulted her. The relevant holding in that case is well expressed in the fifth syllabus, which reads as follows:

"The 3-year statute limiting the time within which an action for injuries to the person may be brought applies to all actions to recover for an injury to the person arising because of negligence whether based upon implied contract or tort (CL 1929, § 13976, as amended by PA 1941, No 72)."

Plaintiffs suggest that *Coates* should be re-evaluated and overruled. The only question is the meaning of the statutory language. It limits, in express

and plain words, to 3 years, actions to recover damages for injuries to person. Such was the nature of the action in *Coates.* The statutory language permitted of no other holding in the case. It was right then. It still is. And so, here, whether brought in tort or assumpsit, these are actions to recover damages for injuries to person. Accordingly, the 3-year limitation applies.

Whether application of the statutory limitation, as in *Coates,* works an injustice or not is a policy question for legislative determination and control. Our function is to apply the statute's clear language.

New York cases cited by plaintiff are: *Blessington* v. *McCrory Stores Corporation,* 305 NY 140 (111 NE2d 421, 37 ALR2d 698); *Robins* v. *Finestone,* 308 NY 543 (127 NE2d 330); *Golia* v. *Health Insurance Plan of Greater New York,* 7 Misc 2d 919 (166 NYS 2d 889). The support plaintiffs find in *Golia,* as cited, appears to have been pretty much dissipated upon review of that case in 6 App Div 2d 884 (177 NYS2d 550). The section of the New York statute involved differs from that of Michigan in that it expressly applies to actions for injuries "resulting from negligence". The reasoning in them becomes involved with questions of whether the causes of action did or did not arise out of defendants' negligence. The Michigan statute presents no such question, leaving these New York cases of scant assistance to us. In accord with the Michigan view expressed in *Coates* are *Farbach Chemical Co.* v. *Commercial Chemical Co.,* 101 Ohio App 209 (136 NE2d 363); *Seymour* v. *Union News Co.,* 349 Ill App 197 (110 NE2d 475); *Strzelczyk* v. *Marki,* 169 Cal App 2d 703 (337 P2d 846); and *Katz* v. *Manhattan General,* 2 App Div 2d 876 (156 NYS2d 302), which hold immaterial the form of action pursued. *Smith* v. *White Tower Management Corporation,* 129 NYS 2d 545; and *Moore* v. *James,* 5 Utah 2d 91 (297 P2d

221), hold that, at all events, actions such as these against an innkeeper cannot be predicated on contract liability under the theory of implied warranty.

Regardless of the discussion of the question as to whether an action is based on contract or tort in the cases from other jurisdictions, that question is not controlling under our statute.

Affirmed. Costs to defendants.

Carr, Kelly, Black, and Edwards, JJ., concurred with Dethmers, C. J.

Smith, J. (*dissenting*). Paragraph 9 of plaintiff's amended declaration[0] states as follows:

"That at time of the injuries complained of, plaintiff was a male of 57 years of age employed at a weekly wage of $82.50, and as a result of defendants' breach of contract sustained loss of earnings, incurred medical and hospital bills, underwent mental anguish, to plaintiff's damage in the sum of $75,000."

The reference to mental anguish, the pleader tells us, is made "not for the purpose of stating a cause of action *ex delicto* but for the purpose of showing a breach of contract and subsequent damage necessitating medical attention and hospitalization."

In short, plaintiff has sought to plead, and presumably will seek to prove, if allowed to go to trial, a breach of contract.

That the breach of contract resulted in personal injury does not convert it into an action for personal injury. The phrase "actions to recover damages for injuries to person or property,"[1] appearing in our statute, was introduced merely to replace the common-law designations for actions, which were made

---

[0] The quotation is from the declaration of plaintiff Baatz. It is to be noted the cases were consolidated for appeal.—Reporter.

[1] PA 1915, No 314, ch 9, § 13, as amended, CLS 1956, § 609.13 (Stat Ann 1959 Cum Supp § 27.605).

obsolete through the adoption of the judicature act of 1915.[2] The draftsmen of our statute, following to some extent the model of the New York code of civil procedure, employed this phrase rather than the older common-law designations, in limiting certain tort actions to 3 years.[3] (Indeed, the phrase is so employed in the recently proposed revised judicature act.[4]) But they did not thereby effect any change in the substantive law applicable to causes of actions. The parties before us have entered into a lawful contract, according to the pleader. In return for a sum of money defendants agreed to furnish plaintiff a safe and tranquil lodging. While in this relationship thus voluntarily assumed (still following the declaration), the contract was breached by defendants. As a result of the breach, plaintiff had his rest disturbed, lost wages, and incurred bills.

Now, if these parties had entered into no contract whatever, plaintiff could have sued defendants for damages for personal injuries arising out of the bomb explosion, provided he could show duty and breach. He has this right regardless of contract. But just how defendants are able to convert the cause of action against them, based on the contractual relationship, and arising out of its breach, into a cause of action plaintiff would have had if the parties had been complete strangers, I am completely unable to follow. This is county-fair law: Now you see it, now you don't.

The problem before us is one of the most baffling of the current legal problems. Prosser treats it in

---

[2] PA 1915, No 314, ch 11, § 1, as amended, CL 1948, § 611.1 (Stat Ann § 27.651). See Sunderland, The Michigan Judicature Act of 1915, part 2, Forms of Action, 14 Mich L Rev 383.

[3] Compare NY Code of Procedure (1877), § 383(5) (now NY Civil Practice Act § 49[6]). [Clevenger's Practice Manual, § 49.— REPORTER.]

[4] Joint Committee on Michigan Procedural Revision. Final Report, part 2, Proposed Statutes and Comments, pp 306, 307.

his lecture on The Borderland of Tort and Contract,[5] pointing out that the cases are a riot of confusions, the result often depending upon the particular issue before the court (change of venue, limitations, joinder of parties, assignability, et cetera). He observes[6] that—

"there are hundreds of cases in which the court has construed the plaintiff's complaint, and on the basis of the presence or absence of some particular allegation, or the emphasis found to have been given to it, have held that contract or tort is pleaded. There is probably no more barren and unrewarding group of decisions to be found in the law. They turn almost entirely upon the details of language, which of course vary from case to case."

The criticism is well justified. The cases are, indeed, sterile, doctrinaire, and formalistic, a maze of tort, contract, and quasi-contract, the more complicated because of the historical development of the forms of action. See *Hart* v. *Ludwig,* 347 Mich 559. In this situation, we must plant decision on something other than sonorous legalisms or textual abstractions, if we are ever to progress.

I am constrained to reject *Coates* v. *Milner Hotels, Inc.,* 311 Mich 233, as authority on the matter before us. Reference to the briefs will disclose that neither party to that case cited any authority in support of the respective positions taken; our Court, in ruling, did so without discussion of applicable principles, or citation of case authority. So far as the text cited in the opinion is concerned I have no quarrel with its generalities. But it is based upon an assumption here challenged, namely, that we are ruling upon an action seeking "damages caused by negligence," its "real purpose" being to recover "for an injury to the person." When a declarant sets forth a com-

[5] Prosser, Selected Topics on the Law of Torts, pp 380–452.
[6] Prosser, Selected Topics on the Law of Torts, pp 430–432.

mercial host-guest relationship, and expressly pleads a breach of contract with respect to duties assumed in a public calling, I must reject any assumption that he is pleading a tort action he might have brought, but did not, particularly when such assumption has the effect of depriving the plaintiff of any hearing whatsoever. In other words, despite his protests, we assume him into the text quoted (he really wants, we say, damages for a personal injury) and thus assume him out of court.

The question before us is whether plaintiff has pleaded a cause of action in tort (now outlawed) or one in contract. To start at the beginning, both causes of action may arise in a proper case, of which innkeeper-guest is one. Others are carrier-passenger, bailor-bailee, attorney-client, and principal-agent, to mention but a few. "The same act or transaction," accurately states Corpus Juris Secundum,[7] "may, however, constitute both a breach of contract and a tort," though, of course, there can be but one recovery. (Plaintiff may ride either horse, says the Iowa court,[8] but not both.) Among such situations giving rise to the 2 causes of action, continues the cited text, are "certain classes of contracts which create a relation out of which certain duties arise as implied by law independently of the express terms of the contract, a breach of which will constitute a tort, and in such cases an injured party may sue either for breach of the contract or in tort for breach of the duty imposed by law, the rule being that, where there is a breach of duty imposed by law, an action in tort is not precluded because such duty arises out of a contract relation." One of the "particular contract relations" cited as an illustration of the general rule is that of the innkeeper, as to whom it is said (1 CJS, Actions, § 49(6), at p 1122):

---

[7] 1 CJS, Actions, § 47, at p 1104.
[8] *Randall* v. *M. M. Moen Co.*, 206 Iowa 1319, 1323 (221 NW 944).

"The relation between innkeeper and guest originates in contract, but gives rise to duties imposed by law, for a breach of which duties the guest may maintain an action in tort."

With respect to our particular problem, the statute of limitations, do we have before us an action in tort or in contract? The pleader insists he is relying on the contractual cause of action, and so, in truth, the declaration reads, but it is hopeless to rely upon verbiage alone, unless the wheel has come full circle and lawsuits will once more, as in medieval times, stand or fall upon the words employed in the writ. We should, in determining the cause of action pleaded, examine the essential allegations of the complaint as a whole, stressing neither particular words nor particular allegations taken out of context.[9] If the substantial cause of action pleaded is a tort action, the tort limitation would follow. If contract, the longer period. If the facts give rise to 2 causes of action, as they do here, I see no reason, and none has been suggested, why defendants must necessarily be accorded the grace of the shorter period. If we look at the fundamental issues underlying the rule of law, as we must if we are to go beyond the province of the grammarians, it is clear that the law has imposed upon the innkeeper a peculiar obligation of care arising out of the fact that the traveler in a strange community has his defenses down, so to speak, and has entrusted both his goods and his person, and sometimes his family, as well, to the care of the keeper of the inn.[10] It is for these and similar reasons, that, in an early Georgia case,[11]

---

[9] See Winfield's Tagore Law Lectures, published by Cambridge University Press, London, under title "The Province of the Law of Tort," particularly pp 221 and 222, referring to the "substantial cause of action."

[10] See, generally, Beale's treatise on The Law of Innkeepers and Hotels.

[11] *Bonner* v. *Welborn,* 7 Ga 296, 307.

the court said "the law has taken them [inns and inn-keepers] so strictly in charge." It is not to my mind, consonant with such strictness in charge to deny an allegedly injured plaintiff the longer period of limitations when he chooses to assert the contract, rather than the tort, remedy. Nor is this view as to the limitation period to be applied peculiar to the law of inns and innkeepers, despite its unique applicability thereto. As a matter of fact, the view here taken is the more common application of the law of limitations, innkeeper or no. The defense of limitations is recognized, but it is never favored, by the courts, and if there is doubt as to which of 2 limitation periods applies, the longer is generally used. 1 CJS, Actions, § 46.

Here there are 2 substantial causes of action. The one arises out of the duty imposed by law upon those in the relation of innkeeper-guest. Here the contract is pleaded merely as the inducement. The other arises out of the breach of the contract for care and shelter entered into, the obligation assumed. Here the contract is the gist of the action. That the injury may be shown in order to prove breach and damages does not convert the action to one "for" personal injuries. The substantial cause of action here pleaded is not for personal injuries but for breach of contract. As such, it is not barred by limitations.

The order should be reversed and the case remanded, with costs to appellant.

KAVANAGH and SOURIS, JJ., concurred with SMITH, J.