**C. W. HUMPHREY COMPANY, Plaintiff,**

v.

**SECURITY ALUMINUM COMPANY, Defendant and Third-Party Plaintiff,**

v.

**The ALLMAN COMPANY, Inc., Third-Party Defendant.**

**Civ. A. No. 21008.**

United States District Court
E. D. Michigan, S. D.
July 2, 1962.

Fildew, DeGree, Fleming & Gilbride, Detroit, Mich., for plaintiff.

J. Donald McLeod, Dahlberg, Simon, Jayne, Woolfenden & Gawne, Detroit, Mich., for defendant and third-party plaintiff.

Bruce D. Carey, Carey & Carey, Detroit, Mich., for third-party defendant.

LEVIN, Chief Judge.

This diversity action was filed on March 10, 1961. The complaint alleges that the plaintiff, C. W. Humphrey Company, was a franchised distributor and sales agency for storm windows and doors, and other products, manufactured from steel by the F. C. Russell Company, of Cleveland, Ohio, under the brand name of "Rusco," in 43 counties in the State of Iowa.

In 1957, the plaintiff, with the knowledge and consent of the F. C. Russell Company, commenced purchasing products made out of aluminum from the defendant, Security Aluminum Company, because the F. C. Russell Company did not manufacture aluminum products. In February of 1959, representatives of the defendant requested a testimonial for defendant's products from two employees of the plaintiff and represented that the defendant would publish the testimonial only in its own magazine, which it distributed exclusively to its employees, jobbers, and dealers. Based upon this agreement for limited publication, the testimonial was issued, indicating that the plaintiff had taken on a line of defendant's products and was pleased with the products. It is the claim of the plaintiff that the defendant agreed to publish the testimonial only in the form, context, and wording originally agreed upon and only in the magazine above described.

In March, 1959, the defendant published the testimonial in a trade magazine of national circulation and in a form different from the testimonial as actually given. The plaintiff claims that, as published, the testimonial implied that plaintiff no longer carried the Rusco line and that, because of the wording of the published testimonial and its national distribution in violation of defendant's agreement with the plaintiff, the F. C. Russell Company terminated plaintiff's franchise. Plaintiff now sues to recover damages arising out of the loss of its franchise occasioned by the alleged change in the language and meaning of the testimonial and out of the breach of the agreement with respect to its publication. The plaintiff also claims damages for the defendant's wrongful and unlawful interference with the plaintiff's contractual rights with the F. C. Russell Company and for the tortious violation of its rights and interest in the testimonial as literary property.

Defendant has filed a third-party complaint against its former advertising agency, the Allman Company, which prepared the national magazine advertisement containing the disputed testimonial. The defendant moves for judgment on the pleadings, claiming that this action is barred by the Michigan statute

of limitations. The third-party defendant, the Allman Company, moves to dismiss the third-party complaint on the same and other grounds.

Defendant and third-party defendant contend that the complaint states only a cause of action for libel in that the only wrong alleged is the publication of false and damaging statements. As such, the action would be barred by the Michigan statute of limitations, which requires libel actions to be brought within one year of the time the cause of action accrues. (Mich.Stat.Ann. § 27.605, Comp.Laws 1948, § 609.13)

Defendant and third-party defendant rely on Weiss v. Whittemore, 28 Mich. 366 (1873), which held that statements published by the defendant piano seller to the effect that the plaintiff piano seller preferred the line of pianos carried by defendant to those carried by plaintiff himself were libelous. However, that case was before the Michigan Supreme Court on a demurrer to the complaint, which was framed as a libel action, and the court held only that the facts alleged were sufficient to maintain an action for libel. The parties to the case had not entered into any agreements with each other, and the case did not involve any claim for breach of contract.

Defendant and third-party defendant are in error when they characterize this case as exclusively a libel action. In alleging that defendant violated the terms of the oral agreement for limited publication, plaintiff stated a cause of action for breach of contract. Plaintiff may also be able to show that defendant's actions were tortious under Michigan law.

Since the pleadings sufficiently allege causes of action in both tort and contract, which are not barred by the Michigan statute of limitations, as well as a cause of action in libel, Weiss v. Whittemore, supra, which is barred, should the action be governed by the shorter libel statute of limitations or by the longer statutes applicable to the other categories of actions?

The moving parties cite the recent case of Baatz v. Smith, 361 Mich. 68, 69, 104 N.W.2d 787 (1960). The plaintiff in that case suffered personal injuries while a guest in defendant's hotel. He sued in assumpsit for breach of the contract of lodging, in an action brought more than three years and less than six years after the cause of action accrued. The Michigan statute of limitations provides:

"2. Actions to recover damages for injuries to person or property shall be brought within 3 years from the time said actions accrue, and not afterwards;" (Mich.Stat.Ann. § 27.605)

The court held that this statute cut off the cause of action because it was brought to recover damages for personal injuries, even though the injuries arose out of the breach of an implied contract, for which the limitation period is six years. The case holds only that the shorter statute applies to those cases where damages are sought for injuries to the person, regardless of the form of the action.

The Michigan statute of limitations relating to libel or slander is phrased differently than the one which the Michigan Supreme Court interpreted in Baatz v. Smith, supra. In that case, the applicable statute does make a reference only to the nature of the injury and the relief sought. On the other hand, the libel statute of limitations provides:

"5. Actions founded upon libel or slander shall be brought within 1 year from the time the cause of action accrues and not afterwards:" (Mich.Stat.Ann. § 27.605)

This section makes the nature of the cause of action, not the nature of the injury, the determinative factor.

Therefore, upon publication in the national magazine, the plaintiff could have proceeded against the defendant in an action either for libel or for breach

of contract. Its delay in doing so forecloses its action for libel, but it does not affect its right to sue for breach of contract.

I conclude that the present action is not barred by the one-year statute of limitations applicable to libel actions.

 The third-party defendant, Allman, has raised two other objections to the third-party complaint. The first count of the third-party complaint alleges certain agency and contract relations between defendant and third-party defendant and asks that third-party defendant be held liable to defendant for any sum which the court finds defendant owes plaintiff. This is a proper pleading in that it alleges that third-party defendant (in the words of Rule 14, Federal Rules of Civil Procedure, 28 U.S.C.A.): "is or may be liable to defendant for all or part of" the main claim.

Allman argues that this count of the third-party complaint is merely an attempt to get contribution from a joint tortfeasor. This may be true, but at this point in the proceedings it must be considered as a mere statement of a defense. The validity of this defense will turn on whether the evidence shows defendant to have been a joint tortfeasor with third-party defendant, or whether defendant was merely the principal in an agency relation with the third-party defendant, who himself committed the wrong. If the former, the defense will be well taken; if the latter, it will not be. It is also possible that third-party defendant did no wrong at all, but that, too, must await proof at trial. The motion to dismiss as to count 1 must be denied.

Allman's motion as to count 2 of the third-party complaint is well grounded. That count alleges the same contractual and agency relations as the previous count but asks for consequential damages incurred by defendant because of the loss of plaintiff's business. Rule 14 limits third-party complaints to actions-over for part or all of the plaintiff's claim. It does not allow actions for other damages. According to 3 Moore's Federal Practice 419 (2d ed.):

"But a defendant cannot assert an entirely separate claim against a third party under Rule 14, even though it arises out of the same general set of facts as the main claim; there must be an attempt to pass on to the third party all or part of the liability asserted against the defendant. [citing cases]."

An order will be entered denying defendant's motion for judgment on the pleadings and third-party defendant's motion to dismiss count 1 of the third-party complaint and granting the third-party defendant's motion to dismiss count 2 of the third-party complaint.