■ CARMELLA DI ROSSE et al., Respondents, v. MELVIN WEIN, Appellant.— In a malpractice action against a physician, to recover damages for personal injury sustained by the plaintiff wife, and for medical expenses and loss of services by her husband, the defendant appeals from a judgment of the Supreme Court, Kings County, entered October 21, 1964 after trial, upon the verdict of a jury in favor of plaintiffs. Judgment affirmed, with costs. It was virtually undisputed that the plaintiff wife was caused to suffer from a condition known as exfoliative dermatitis as a result of a series of injections by defendant of a gold compound during the course of treatment for rheumatoid arthritis. It also appeared that the medical profession recognized the possibility of undesirable reactions in the use of gold therapy. We are of the opinion that, under the facts and circumstances disclosed by this record, including the fact that no immediate emergency existed, defendant was obligated to make a reasonable disclosure to his patient of the known dangers which were incident to or possible in the proposed use of gold; and that the trial court, therefore, did not err in charging, in substance, that defendant could be found guilty of malpractice if he failed in that duty (cf. *Natanson* v. *Kline*, 186 Kan. 393, rehearing den. 187 Kan. 186; *Mitchell* v. *Robinson*, 334 S. W. 2d 11 [Mo.]). We are also of the opinion that, on the facts presented,

the court's participation in the examination of witnesses, and the court's charge, were not prejudicial to defendant (cf. *Spinelli* v. *Tickle Eng. Works,* 272 App. Div. 1032, affd. 297 N. Y. 818). While defendant asserts that evidence on the question of the failure to disclose possible dangers in the treatment was not within the allegations of the pleadings, there was no objection to the evidence on that ground upon the trial (cf. *Charlton* v. *Rose,* 24 App. Div. 485; *Uertz* v. *Singer Mfg. Co.,* 35 Hun 116); and the pleadings will be deemed amended to conform to the proof (CPLR 3025[c], 5019[a]; *Thorne Neal & Co.* v. *New York So. Coal Term. Corp.,* 270 App. Div. 816, affd. 295 N. Y. 977). Beldock, P. J., Brennan, Hill, Rabin and Benjamin, JJ., concur.