RICHARD L. DOBBINS, Respondent-Appellant, *v.* FRANCIS J. CLIFFORD et al., Appellants-Respondents.

Fourth Department, April 19, 1972.

*Findlay, Hackett, Reid & Wattengel* (*Paul H. Reid, Jr.,* of counsel), for Francis J. Clifford, appellant-respondent.

*William B. Smith* for Albert Connette, appellant-respondent.

*O'Shea, Adamson, Reynolds & Napier* (*Philip J. O'Shea* of counsel), for Rodney H. Dusenberre, appellant-respondent.

*Garvey, Magner & Sullivan* (*William J. Love, Jr.,* of counsel), for respondent-appellant.

MOULE, J.   On March 10, 1966 plaintiff underwent an operation for the removal of his spleen.   Plaintiff claimed that he discovered in January, 1970 that his pancreas had been severely damaged during the course of the operation, and commenced this action for malpractice on February 23, 1970.

The complaint sets forth four causes of action.   In the first cause of action, plaintiff alleges that defendants Dr. Clifford and Dr. Connette started the operation and that defendant Dr. Dusenberre was called in and assisted in and/or finished the operation.   It further alleges that during the course of the operation his pancreas was severly damaged due to the negligence of the defendants and that he suffered severe, painful and permanent injuries.   The complaint also sets forth causes of action for battery, breach of warranty and uninformed consent.

Defendants moved to dismiss the complaint on the ground it was barred by the three-year Statute of Limitations for malpractice actions, and plaintiff cross-moved for an order permitting him to serve an amended complaint setting forth causes of action for fraud, conspiracy, failure to disclose and *res ipsa loquitur*.

The general rule in malpractice actions is that the cause of action accrues on the date the alleged act of malpractice occurs, even though it may not be discovered until after the three-year Statute of Limitations has run (*Schwartz* v. *Heyden Newport Chem. Corp.,* 12 N Y 2d 212).   There are two recognized exceptions to the general rule.   One is the "continuous treatment" exception (*Borgia* v. *City of New York,* 12 N Y 2d 151) and the other is the "foreign object" exception (*Flanagan* v. *Mount Eden Gen. Hosp.,* 24 N Y 2d 427).

Special Term held that the "continuous treatment" exception was not applicable to any of the causes of action; that under an extension of the "foreign object" exception the

"First" cause of action did not accrue until discovery of the injury to the pancreas in January, 1970; and that the "Second" through "Eighth" causes of action were for malpractice in care and treatment and did not come under the extension of the "foreign object" exception.

It is clear that the "continuous treatment" exception is not applicable to any of the causes of action. Under that exception the treatment must be "for the same or related illnesses or injuries, continuing after the alleged acts of malpractice, not mere continuity of a general physician-patient relationship." (*Borgia* v. *City of New York, supra,* p. 157.) The last treatment related to the surgery of March 10, 1966, occurred on August 7, 1966, which was more than three years before the action was commenced.

Prior to the decision in *Flanagan* v. *Mount Eden Gen. Hosp.* (*supra*), there would have been no question that plaintiff's action would be barred by the three-year Statute of Limitations (*Schwartz* v. *Heyden Newport Chem. Corp., supra*). In *Flanagan,* it was alleged that surgical clamps were allowed to remain in plaintiff's body after an operation performed in 1958 and were not discovered until 1966 when the action was commenced. The court noted that there was a distinction between malpractice cases involving care and treatment and those where a foreign object is left in a patient's body. The court stated that in foreign object cases, "no claim can be made that the patient's action may be feigned or frivolous. In addition, there is no possible causal break between the negligence of the doctor or hospital and the patient's injury." (24 N Y 2d 427, 430.) The court held that in foreign object cases a cause of action does not accrue until the patient can reasonably discover the malpractice.

The question of extending the holding in *Flanagan* to other types of malpractice was considered by the Second Department in *Murphy* v. *St. Charles Hosp.* (35 A D 2d 64) and *Schiffman* v. *Hospital for Joint Diseases* (36 A D 2d 31, mot. for lv. to app. den. 29 N Y 2d 483). In *Murphy,* the court extended *Flanagan* to cover a situation where a prosthesis, that was surgically inserted in a patient's hip, broke four years later, necessitating surgery to remove it. In *Schiffman,* the court refused to extend *Flanagan* to a case involving a mistaken diagnosis.

We believe that by following the rationale in *Flanagan,* the rule can be extended to cover the facts in the instant case since the same fundamental factors are present in each. They are:

4

an act of malpractice committed internally so that discovery is difficult; real evidence of the malpractice in the form of the hospital record is available at the time of suit; professional diagnostic judgment is not involved, and there is no danger of false claims.

The only other question presented is whether Special Term was correct in holding that the '' Second '' through '' Eighth '' causes of action were barred by the Statute of Limitations. Plaintiff contends that insofar as they allege fraud, the applicable Statute of Limitations is six years. (CPLR 213, subd. 9.) However, the causes of action are essentially for malpractice and not fraud and, therefore, are bound by the malpractice Statute of Limitations. (*Golia* v. *Health Ins. Plan of Greater N. Y.*, 6 A D 2d 884, affd. 7 N Y 2d 931; *Tulloch* v. *Haselo*, 218 App. Div. 313.)

The order appealed from should be affirmed.

DELVECCHIO, J. P., WITMER and HENRY, JJ., concur.

Order unanimously affirmed with costs.