**Diana M. SCHUM, Plaintiff,**

v.

**Charles P. BAILEY, M. D.,
et al., Defendants.**

**No. 74 Civ. 4354.**

United States District Court,
S. D. New York.

July 20, 1975.

Shedd, Moraites & Rathe, New York City, for plaintiff.

Anthony L. Schlavetti, New York City, for defendants Bailey & Hirose.

Smith, Griffin & Scully, New York City, for defendant St. Barnabas Hospital.

### MEMORANDUM AND ORDER

OWEN, District Judge.

Defendants Charles P. Bailey, M. D. and Teruo Hirose, M. D., move for an order pursuant to Rule 12(b) Fed.R. Civ.P., dismissing the plaintiff's complaint for failure to state a claim upon which relief can be granted. In the alternative, both defendants move pursuant to Rule 56(b) Fed.R.Civ.P. for summary judgment on the grounds that all causes of action alleged in the plaintiff's complaint are barred by the applicable statute of limitations. For the reasons set forth, the motions to dismiss are granted.

This is a medical malpractice action brought by plaintiff, Diana Schum, to recover damages for personal injuries allegedly sustained by virtue of her having undergone "unnecessary" open heart surgery performed by Drs. Bailey and Hirose. It appears that Dr. Bailey performed the surgery in question on October 25, 1967 and treated plaintiff up to and including October 21, 1970 the date upon which he last saw her as a patient. It is undisputed that Dr. Hirose last saw the plaintiff on November 19, 1967, the date of her discharge from the hospital. Prior to that date he apparently assisted in plaintiff's diagnostic tests, the results of which led to her eventual surgery. Plaintiff's complaint alleges four "counts" upon which recovery is sought. Plaintiff alleges first that the "unnecessary" surgery performed upon her constituted negligence and malpractice; second that both defendants negligently failed to obtain her informed consent for the surgery; third she alleges trespass and assault and battery arising out of the surgery; and fourth she claims fraud.

Both doctors contend that all allegations are barred by applicable statutes of limitations. I agree.

The first cause of action alleging malpractice is governed by C.P.L.R. 214(6) providing a three-year statute of limitations. The incident complained of occurred in October of 1967, the time at which plaintiff underwent surgery. Plaintiff Schum contends that this statute of limitations is extended by the "continuous treatment" doctrine which

tolls the running of the statute until the last day of treatment for the same illness by the doctor who allegedly committed the malpractice.

The last date on which Dr. Bailey treated plaintiff for her heart problem was Ocotber 21, 1970. Thus, even as extended by the "continuous treatment" doctrine, the action in respect of "Count 1" if not commenced prior to October 21, 1973, is time-barred. The action was in fact not commenced until October 24, 1974.

■ The second cause of action alleges that the defendants were negligent in failing to obtain plaintiff's informed consent to the surgery. There is a conflict in the law as to whether the three-year statute of limitations for such an allegation is governed by C.P.L.R. 214(6) or C.P.L.R. 215(3).* Whichever statute governs however, it makes little difference since the three years have passed in any event. Thus plaintiff's second cause of action is likewise barred by the statute of limitations.

■ In the third cause of action plaintiff alleges that the defendant failed to obtain her informed consent and thereby committed a trespass and assault and battery. Again whichever statute of limitations applies, either one-year under C.P.L.R. 215(3) or three years under C.P.L.R. 214(6), the action is still time-barred especially in view of the fact that the "continuous treatment" doctrine would not here be applicable.

■ The fourth claim of the plaintiff's complaint alleges that the defendants perpetrated a fraud when they induced her to have what she contends was "unnecessary" open heart surgery. Such an allegation hardly seems appropriate for the type of injury allegedly sustained, and I view the fraud claim here, with its six year statute of limitations, as an attempt to overcome the obvious limitation problem inherent in the entire case. The New York Courts themselves have consistently held in malpractice actions that it is the three year statute which applies and not the six year fraud statute. *Gautieri v. New Rochelle Hosp. Assoc.*, 4 A.D.2d 874, 166 N.Y.S.2d 934 (2d Dept., 1957), aff'd, 5 N.Y.2d 952, 183 N.Y.S.2d 803, 157 N.E. 2d 172 (1959) and *Golia v. Health Ins. Plan of Greater New York*, 6 A.D.2d 884, 177 N.Y.S.2d 550 (2d Dept., 1958).

■ This is an appropriate case to be resolved by summary judgment. There is no dispute between the parties as to the termination date of plaintiff's treatment by the respective defendant doctors. See *Sheets v. Burman*, 322 F.2d 277 (5th Cir. 1963).

■ Plaintiff however seeks to avoid the clear time-bar by urging the applicability to her facts of two recent New York State decisions which allowed exceptions to the strict application of the three-year statute of limitations. In *Flanagan v. Mt. Eden General Hospital*, 24 N.Y.2d 427, 301 N.Y.S.2d 23, 248 N. E.2d 871 (1969) a surgical clamp was negligently allowed to remain in the plaintiff's body after a gall bladder operation. Plaintiff did not discover, nor did he have reason to discover, the existence of the clamp until more than three years after the operation. The Court of Appeals held that in "foreign object" cases, the statute of limitations would not run until the plaintiff discovered, or reasonably should have discovered, the foreign object within his body. Clearly the allegations in this action do not fall within the "foreign objects" category and thus the rule in *Flanagan* has no application to these facts. In *Dobbins v. Clifford*, 39 A.D.2d 1, 330 N.Y.S.2d 743 (4th Dept. 1972) plaintiff's pancreas was damaged during an operation for the removal of his spleen. The Appellate Division permitted the plaintiff to bring suit more than three years after the operation even though there was no foreign object left in his body. The

* Contrast *DiRosse v. Wein*, 25 A.D.2d 510, 261 N.Y.S.2d 623 (2d Dep't 1965) with *Fo-*

*gal v. Genesee Hospital*, 41 A.D.2d 468, 344 N.Y.S.2d 552 (4th Dep't 1973).

Court in *Dobbins,* while continuing to adhere to the *Flanagan* rule, held:

> that by following the rationale in *Flanagan,* the rule can be extended to cover the facts in the instant case since the same fundamental factors are present in each. They are: an act of malpractice committed internally so that discovery is difficult; real evidence of the malpractice in the form of the hospital record is available at the time of suit; professional diagnostic judgment is not involved, and there is no danger of false claims. 330 N.Y.S.2d at 746–747.

It is obvious from both *Flanagan* and *Dobbins* that the New York Courts are unwilling to extend time for suit even in cases where the malpractice is difficult of discovery unless there is not only substantial proof in support of the genuineness of the claim that was in existence at the time of the alleged malpractice,** but also the action must not involve a hindsight attack on a professional diagnosis by a disappointed patient.

█ Having carefully reviewed plaintiff's complaint herein, as well as all the affidavits and arguments submitted on this motion, it is clear that plaintiff does not come within the exception permitted by *Dobbins.* In particular, it is clear from paragraphs 9, 12 and 13 of the complaint, that the thrust of plaintiff's cause of action is the professional diagnostic judgment of Drs. Bailey and Hirose and their decision that the plaintiff required surgery for what they considered to be a serious cardiac anomaly. For example, paragraph 9 of the complaint states "that . . . plaintiff received a communication from . . . Bailey . . . informing her that their original evaluation of the initial findings based on diagnostic tests and examinations she had undergone were erroneous, inaccurate and clinically misleading in that said tests had allegedly disclosed the existence of an allegedly serious cardiac anomaly which urgently required immediate surgical repair . . . ." Paragraph 12 states: "That in the aforesaid diagnosis of plaintiff's illness . . . defendants, and each of them, negligently failed to possess and exercise that degree of knowledge and skill ordinarily possessed and exercised by other physicians and surgeons . . . ." And finally, paragraph 13 states: "That in consequence of the said diagnosis plaintiff was caused to undergo a high risk . . . surgical procedure . . . ."

More appropriate is *Schiffman v. Hospital for Joint Diseases,* 36 A.D.2d 31, 319 N.Y.S.2d 674 (2d Dept. 1971), leave to appeal denied, 29 N.Y.2d 483, 324 N.Y.S.2d 1028, 273 N.E.2d 576 (1971). There, plaintiff alleged that his biopsy slides were negligently read in 1959 as indicating malignancy. This resulted in the plaintiff having to undergo unnecessary radiation therapy which in turn resulted in his injury. Plaintiff argued that he did not discover that his biopsy slides had been misread until 1967 and, therefore, under the rule of *Flanagan,* the statute of limitations was tolled until that date and his action filed in 1969 was timely. In dealing with this question the Court in *Schiffman* held (319 N.Y.S.2d p. 676):

> In the appeal before us, the plaintiff's action does not concern the foreign object, but rather a misreading of the biopsy slides to arrive at a mistaken diagnosis of malignancy. The claim of negligence relates to a misdiagnosis of ailment, an area of the physician-patient relationship not touched by the *Flanagan* holding. We do not think we should further contract the general rule applicable to diagnostic negligence by marking the beginning of the time permitted for the commencement of an action for malpractice by the date of the patient's discovery of the physician's negligence.

---

** Ie., the very clamp negligently left in the body or a contemporaneous hospital record revealing negligence.

In view of all the foregoing, the motions of defendants' Bailey and Hirose to dismiss the complaint as barred by the statute of limitations are granted.

It is so ordered.