Cooke, J.
(dissenting). I dissent in part and vote to modify the order of the Appellate Division so as to direct a permanent stay of arbitration as to the claim against appellant Paver & Wildfoerster in the demand for arbitration and so as to deny a consolidation of the two arbitration claims, and, except as so modified, to affirm said order.
The demand for arbitration against said appellant, under *679 the heading of nature of dispute, stated: "Breach of contract by Paver & Wildfoerster, as Architect, by reason of defects in design and faulty supervision in the execution of their contract with the claimant”. The owner’s petition for an order compelling arbitration and for consolidation recites, inter alia, that: "Both respondents have denied that they breached their contracts with petitioner herein and, as heretofore alleged, the petitioner claims that both respondents failed to fulfill their common law duty to exercise reasonable care and skill in the performance of their contracts.” Since the common-law duty and the implied contractual obligation, in such a situation, are one and the same, the claim or suit, however labeled, is one in malpractice, at least for time-limitation purposes (Blessington v McCrory Stores Corp., 305 NY 140, 147-148; Carr v Lipshie, 8 AD2d 330, affd 9 NY2d 983; Gautieri v New Rochelle Hosp. Assn., 4 AD2d 874, affd 5 NY2d 952).
CPLR 7502 (subd [b]) explicitly provides that if, at the time when a demand for arbitration was made the claim sought to be arbitrated would have been barred by limitation of time had it been asserted in a court of the State, a party may assert the limitation as a bar to the arbitration on application to the court as provided in CPLR 7503, which includes an application to stay arbitration. Had an action based on a similar claim been initiated in a court of the State five years after accrual, it would have been time-barred (CPLR 214). As applicable here, the period prescribed by CPLR 214 (subd 6) for malpractice actions (see L 1975, ch 109, § 5, eff July 1, 1975) is the same as that applicable to actions to recover damages for an injury to property under subdivision 4 of said section, thus refuting any suggestion that malpractice involving property damage may be based on a contract theory and thus be governed by the six-year provision (NY Legis Doc 1961, No. 15, Fifth Preliminary Report of Advisory Comm on Practice and Procedure, § 214, subd 6, p 56; 2 Carmody Wait 2d, NY Practice, § 13:79, p 430, n 10). A time-limitation distinction as between arbitration claims and those in other areas not only may not be implied from CPLR 7502 (subd [b]) but is contrary to it.
Judges Jasen, Gabrielli, Jones and Wachtler concur with Chief Judge Breitel; Judge Cooke dissents in part and votes to modify in a separate opinion in which Judge Fuchsberg concurs.
*680 Order affirmed.